### L. W. BATCHELOR, Adm'r v. L. MACON et al.

When a testatrix devised a tract of land to her son, to him and his heirs forever, and added the following: "But should my son die without lawful issue, then and in that case, it is my request (inasmuch as it was his father's wish) that the above given legacy be by him conveyed by will in writing to his brother, J. N. F., or to any one or more of my grandchildren," *it was held* that he took an absolute estate in fee simple in the land, and that upon his death without issue and intestate, it might be sold by his administrator for the payment of his debts.

This was an ACTION in the Superior Court of HALIFAX, in which judgment was rendered for the plaintiff, subject to the opinion of the Court upon the following case agreed:

1. This was an action for the recovery of two notes given by the defendants to the plaintiff for the sum of $1,354, with interest from the 2d day of February, 1870.

2. The notes were given for the purchase of a tract of land sold by the plaintiff, as administrator of John Faulcon, deceased, under proceedings for that purpose, which are admitted to be regular.

3. The defendants alleged that the said John Faulcon had no title to the said lands, and objected to paying the said notes for that reason. And in support of this allegation, he showed the will of Mrs. R. Faulcon by which the

35

said land was devised to the said John Faulcon. The following is a copy of so much of said will as is material to this case: "Item 4th. I will and bequeath to my beloved son, John Faulcon, all my lands lying west and north of Smiley's Branch, except the Winter tract, and that part of the Atkin's tract given to the children of Christopher B. Allen, also one-half of my negro slaves that I may die possessed of, together with those now in his possession, (except those loaned to my granddaughter, Ann R. Allen, in this will,) to him and his heirs forever. But should my son, John Faulcon, die without lawful issue, then and in that case it is my request (in as much as it was his father's wish) that the above given legacy be by him conveyed by will in writing to his brother J. N. Faulcon, or to one or more of my grandchildren."

4. It is admitted that the land devised by the testatrix in the foregoing clause of her will to the said John Faulcon was the same which was sold by the plaintiff, as the administrator of the said John Faulcon, and purchased by the defendant, and for which the said two notes were given.

5. It is further admitted that the said John Faulcon died intestate and without issue, leaving him surviving, the said Isaac N. Faulcon, and a large number of the grandchildren and great grandchildren of the said testatrix, all of whom are made parties to this action.

It is therefore agreed between the said parties that if the said John Faulcon did not acquire an estate in fee simple absolute in the said land under the said will, then the judgment for the plaintiff shall be set aside, and judgment shall be rendered for the defendant. But if the said John Faulcon did acquire an estate in fee simple absolute under the said will, then judgment shall be rendered in favor of the plaintiff for the amount of said notes and interest."

His Honor *Watts, J.*, at the last term of the Superior

Court, being of opinion with the plaintiff, ordered the judgment to stand, and the defendants appealed.

*Badger & Devereux,* for the defendants.
*Batchelor, Edwards & Batchelor* and *Moore & Gatling,* for the plaintiff.

PEARSON, C. J. We consider it useless to make any reference to the many cases cited on the argument, except to remark that "every tub must stand on its own bottom."

In the construction of wills the object is to find the intention of the testator. This must be done by a consideration of the words of the will, and by such other evidence as it is competent for the Court to hear in aid of its "search for truth."

Public policy requires that the alienation of land should be as free as any other article of property, so that its transfer and devolution may be as little clogged by "limitations over conditions," and "trusts," as other subjects of traffic ; hence we take the position that whenever a donor by deed or will, gives an estate to "*one and his heirs forever,*" direct words must be used in order to have the effect of cutting the estate down to a life estate, or what is in effect the same thing, and that no expression of a request, or hope, or expectation can be allowed to have that effect.

If a donor or testator has formed a fixed purpose to curtail the estate of the donee or devisee by a limitation·over, a condition or trust, it is very easy for him to say : " In the event that my son should die without issue living at his death, the land is to belong to his brother or to such of my grandchildren as he may by his will direct, and on failure of such appointment, then to my right heirs.

In this will there is no clog or qualification of the kind, but simply a request that her son would do so and so, which he did not comply with.

John Faulcon was, in respect to this land, the primary object of the testator's bounty, and the idea that while professing to give him the absolute estate in fee simple, she had a covert purpose of subjecting his estate *to a trust* so that he could not sell, or charge with the dower of a wife, or make leases to be valid after his death, or have any inducement to make improvements, or right to obtain credit, on the footing of being the owner of the property, is one that we cannot entertain; it would be mockery by a mother to her son.

, We declare our opinion to be that John Faulcon had an estate in fee simple absolute under the will.

PER CURIAM.                    Judgment accordingly.