Eddy *v.* Hartshorne.

---

Lucy H. Eddy's executor

*v.*

J. Smith Hartshorne et al

A legacy to A, with the "request" that, upon his death, he leave it to B, C and D, is imperative, and creates a trust in favor of B, C and D which is not defeated by the death of A before the testator.

Bill for construction of will and directions.

*Mr. B. A. Vail*, for complainant.

*Mr. C. H. Hartshorne*, for Samuel H., John S. and William Hartshorne.

*Mr. George Biddle*, of Philadelphia, for certain of the legatees, Mary and Rebecca Harvey, Mary H. Biddle (*née* Rodgers) and Emily Rodgers.

THE CHANCELLOR.

The testatrix, who died in 1879, by the third section of her will, among other bequests, made the following:

"To *Pendleton 'Hosack*, of New York city, two thousand dollars, with the request that, upon his death, he leaves the same, in equal portions, to *Mary Harvey, Rebecca Harvey* (daughters of *Mary Harvey*), *Mary Rogers* and *Emily Rogers* (daughters of *Emily H. Rogers*.")

By the fifth, she provided as follows:

"*Fifthly.* If, by reason of any omission or failure in this my last will to provide for contingencies occurring by death or otherwise, or if for any cause any of the devises and bequests hereinabove made should lapse, or fail to vest in any of the persons, corporations, or associations hereinabove named, it is my will, and I hereby direct, that all and every of such devises and bequests shall revert to and form part of my residuary estate."

Pendleton Hosack died before the testatrix, and the question is presented whether the above legacy to him therefore lapsed and fell into the residuum of her estate, or whether, on her

---

NOTE.—Ordinarily, a "request" by a testator is construed as imperative, and creates a trust, *Pierson* v. *Garnet*, *2 Bro. C. C. 38, 226*; *Eade* v. *Eade*, *5 Madd. 118*; *Bernard* v. *Minshull, Johns. (Eng.) 276*; *O'Bierne's Case*, *1 Jon. & La Touche 352*; *Shelley* v. *Shelley, L. R. (6 Eq.) 540*; *Finlay* v. *Fellows*, *14 Grant's Ch. 66*; *Bohon* v. *Barret (Ky.)*, *11 Reporter 839, 12 Cent. L. J. 543.*

But even "request" may be subject to explanation or qualification by other clauses in the will, *Foose* v. *Whitmore*, *82 N. Y. 405*; *Batchelor* v. *Macon*, *69 N. C. 545*; *Barry* v. *Sturdivant*, *53 Miss. 491*; *Bland* v. *Bland*, *2 Cox C. C. 351.*

death, it went to the persons to whom she requested him to leave it at his death.

The rule of the English chancery is, that when, by will, property is given absolutely to a person, and the same person is, by the giver, "recommended," "entreated," "requested" or "wished" to dispose of that property in favor of another, the recommendation, request or wish is held to be imperative, and to create a trust, if the subject and objects are certain. That rule is recognized and established here. In the case of *Van Duyne* v. *Van Duyne, 1 McCart. 397 (S. C. on appeal, 2 McCart. 503*), which was a suit for partition of lands of which Martin J. Van Duyne died seized, the complainant, Hiram Van Duyne, a grandson of Martin, claimed under the will of the latter to be entitled to one-half of the lands devised by the will to the testator's son and daughter, James and Hetty. The devise in the second clause of the will was of the homestead farm to James and Hetty, equally, with the following addition :

"To them, their heirs and assigns forever, hoping and believing that they will do justice hereafter to my grandson, Hiram Van Duyne, to the amount of one-half of said homestead farm."

And the complainant insisted that the words quoted created a trust in his favor for one-half of the homestead farm, after the death of James and Hetty. The third clause contained a devise in similar terms. The chancellor (Green), in an opinion in which the subject was fully discussed, and the English authorities considered, declined to adopt the rule of the English chancery, and held that no trust was created in favor of the complainant. The court of errors and appeals, however, reversed that

See *Whipple* v. *Adams, 1 Metc. (Mass.) 444; Edwards* v. *Smith, 35 Miss. 197; Schmucker* v. *Reel, 61 Mo. 592; McNeely* v. *McNeely, 82 N. C. 183; Stableton* v. *Ellison, 21 Ohio St. 527; Van Arnee* v. *Jackson, 35 Vt. 173; Lesesne* v. *Witte, 5 Rich. (N. S.) 450; Cox* v. *Rogers, 77 Pa. St. 160.*

So, where "request" is employed in connection with a similar expression, as "wish and request," *Foley* v. *Parry, 2 Myl. & K. 138;* or, "request and desire," *Williams* v. *Worthington, 49 Md. 572;* or, "requested and entrusted," *Spurgeon* v. *Scheible, 43 Ind. 216;* or, "require and entreat," *Taylor* v. *George,*

part of the decree. No opinion appears to have been filed in. that court; but the complainant's title, which was denied by the chancellor, rested only on the clause expressing hope and confidence, and therefore, in reversing the decree, the court of last resort gave that effect to that language for which the complainant contended, and which was denied in this court, and consequently held that it gave him title. In the devise in that case the words to be construed were "hoping and believing that they [the testator's son and daughter] will do justice to" the grandson "to the amount of half of the" property. Here the word "request" is employed; a word more indicative of an intention to make it obligatory on the legatee to give the fund to the persons named than the words used there. In the bequest under consideration the request extends to the whole of the fund, and to the manner in which it shall be divided. The gift is to Pendleton Hosack, with the request that he leave the money (the whole of it) at his death (the testatrix thus manifesting an intention that he should only have it for life), in equal portions to the persons named. The English cases in which words of request have been held to be imperative, and create a trust, are numerous. See *Theobald on Wills 249, 250,* and *Hawk. on Wills 160 et seq.* But further: in the present case there is no room for question as to the obligatory effect of the request upon the person to whom the gift is primarily made; for, as to him, it is as if it had never been made. It lapsed as to him, and, under the circumstances, the gift is tantamount to a gift over in case he should predecease the testatrix. The only question is, whether his death caused the legacy to lapse altogether, or only as to him. That it did not lapse as to the other persons, is clear. The tes-

---

2 *Ves. & B. 378;* or, "will and desire," *Anderson* v. *Hammond, 2 Lea 281;. Lines* v. *Darden, 5 Fla. 51; Cate* v. *Cranor, 30 Ind. 292; Reid* v. *Porter, 54 Mo. 265; Collins* v. *Hope, 20 Ohio 492;* or, "wish and will," *McRee* v. *Means, 34 Ala. 349;* or, "wish and desire," *Phebe* v. *Quillin, 21 Ark. 490; Cockrill* v. *Armstrong, 31 Ark. 580; Cobb* v. *Battle, 34 Ga. 458; Barrett* v. *Marsh, 126 Mass. 213; Brasher* v. *Marsh, 15 Ohio St. 103; Baby* v. *Miller, 1 U. C. E. & A. 218;* or, "wish and direct," *Neff* v. *Neff, 3 W. L. G. (Ohio) 67;* see also 4 *Am. Law Rev. 617.*—Rep.

Eddy v. Hartshorne.

tatrix manifestly intended that the money should go to them on his death. To hold that it lapsed as to them would obviously defeat her intention.

The residuary clause of the will is as follows:

"All the rest and residue of my estate, both real and personal, whatsoever and wheresoever, I give, devise and bequeath to John Hartshorne, of Newark, New-Jersey; Eliza B. Hosack, of New York city; Emily H. Rodgers, of New York city, and Lucy E. Chapman, of Rahway, New Jersey, in equal shares; to them, their heirs and assigns forever; but in case John Hartshorne and Samuel H. Hartshorne, or either of them, should not be living at the time of my decease, then I direct that the share they would have had, if living, should descend to and vest in his children *per stirpes*."

By the third clause of the will, a legacy of $2,000 is given to John Hartshorne. He died before the testatrix, and the question is, whether, under the provision of the residuary clause, that in case he should die before the testatrix, the "share he would have had, if living, shall descend to and vest in his children," the legacy goes to his children. The fifth section of the will, above quoted, evidences the intention of the testatrix on this subject. It declares that it is her will, and that she directs that if any of the bequests thereinbefore made (of which this is one) should lapse or fail to vest in any of the legatees, it shall fall into the residue. And without that provision such would have been the consequence of the lapse. A lapse of the legacy in question is not prevented by the provision against lapse in the residuary clause; for that provision clearly has no reference to the legacies of $2,000 each given to John and Samuel H. Hartshorne in the third clause, but only to their shares of the residuum of the estate.

It will be decreed that Mary and Rebecca Harvey and Mary Biddle (formerly Rodgers) and Emily Rodgers are entitled in equal shares to the $2,000 given to Pendleton Hosack, and that the legacy of $2,000 to John Hartshorne lapsed and fell into the residue.