## Hopkins *versus* Glunt et al.

1. Words in a will merely expressive of a desire, recommendation and confidence are not sufficient to convert a devise or a bequest into a trust.

2. After an unqualified devise by the testator of his property no precatory words to his devisee can defeat the estate previously granted.

November 10th, 1885.    Before MERCUR, C. J., GORDON PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term, 1885, No. 224.

This was an amicable action in debt on the following case stated for the judgment of the Court:

It is agreed that the following facts be agreed upon in the nature of a case stated for the judgment of the Court: said facts so agreed upon to have the same force and effect as if established by the verdict of a jury after trial, with leave to either party to sue out a writ of error to the judgment of this Court.

On the 27th day of June, A. D. 1885, the aforesaid plaintiffs and defendant entered into an agreement under seal, a copy of which is hereto attached and made part hereof, marked Exhibit " A," whereby the plaintiffs agreed to sell and convey to the defendant all that lot of ground situated in the Sixth ward of Pittsburgh, Pennsylvania, having a front of 41 feet, 6 inches on the south side of Second avenue, and extending back toward the Monongahela river, preserving the same width, about 60 feet, upon which are erected a frame dwelling house, and also a two-storied brick dwelling house, in consideration of which the defendant covenanted to pay the plaintiffs the sum of $1,600 upon the delivery of a sufficient deed therefor on or before the first day of August, A. D. 1885.

On the first day of August, A. D. 1885, the plaintiffs tendered to the defendant a duly executed deed of conveyance of the lot of ground aforesaid, and made demand of the purchase money, according to the terms of the agreement aforesaid; but the defendant refused to accept said deed and pay the purchase money, alleging that the plaintiffs have no title, which they can convey to the defendant, to the lot of ground aforesaid. The facts upon which the defendant bases his refusal to accept said deed are as follows, as agreed upon as aforesaid, viz.:

David Hopkins, now deceased, was in his lifetime the owner of the lot of ground aforesaid, the same having been conveyed to him by William Hutchinson, *et ux.*, by their deed, dated

[Hopkins *v.* Glunt.]

December 20th, 1865, and recorded in the Recorder's Office of Allegheny County, Pa., in Deed Book, vol. 199, page 452.

The said David Hopkins died on the 21st day of January, A. D. 1870, leaving to survive him a widow, Margaret Hopkins, and *inter alia*, the said William W. Hopkins, the defendant, said Martha, now the wife of John Glunt, and said Elizabeth, now the wife of Richard Peters, the plaintiffs in this case; having first executed his last will and testament, a copy of which is hereto attached, and made part of this case stated, marked Exhibit " B," dated the 16th day of November, A. D. 1869, duly probated and recorded in the Register's Office of Allegheny county, Pa., in Will Book, vol. 14, page 560. The portions of said will, which are material to this case, are as follows, viz.:

" I give, devise and bequeath to my beloved wife, Margaret Hopkins, her heirs and assigns forever, all my property, real, personal and mixed, of what nature or kind soever, and wheresoever the same shall be at the time of my death. . . . . .

" My further request is that, at the death of my wife Margaret aforesaid, that she will so divide what she may have among our daughters, Martha and Eliza's children, share and share alike."

The said Margaret Hopkins accepted, under the provisions of said will, went into possession after the death of said David Hopkins, and continued in the possession of said lot of ground aforesaid during her life; and on the 26th day of June, A. D. 1876, said Margaret Hopkins died unmarried and intestate, and without having in any manner complied with or attempted to comply with the said request in the will of David Hopkins, deceased, aforesaid.

The said Martha Glunt and said Elizabeth Peters (called in said will Eliza), each have issue, several children, who were living at the death of said Margaret Hopkins, deceased, and are still living.

It is admitted that the deed tendered by plaintiffs to the defendant was otherwise good and sufficient, if, under the will of David Hopkins, deceased, and by reason of the death of said Margaret Hopkins intestate, as aforesaid, the title to the aforesaid lot of ground is vested in the plaintiffs.

This action is to recover the unpaid purchase money under the terms of the agreement aforesaid.

It is agreed that judgment shall be entered in favor of the plaintiffs and against the defendant for the sum of $1,600, with interest from August 1st, 1885, if, upon the foregoing facts, the Court be of opinion that the title to the lot of ground aforesaid is in the plaintiffs; otherwise judgment is to be entered in favor of the defendant with costs.

[Hopkins v. Glunt.]

The Court, WHITE, A. L. J., entered judgment on the case stated in favor of the plaintiffs for $1,622.40, whereupon the defendant took this writ assigning for error the entering of the judgment in the case stated for the plaintiff.

*William S. Pier* for the plaintiff in error.—The single question is, Did Hopkins, by his will, raise a trust in favor of the children of two of his daughters or not.

While we are to gather the testator's intent from the whole will, (Middlesworth *v.* Blackmore, 24 S., 418) we must ascertain it from the language he has used in it, and every sentence and word must be considered: Turbett *v.* Turbett et al., 3 Yeates, 187 ; Seibert *v.* More, 20 S., 147.

Every word must be made effectual if it is consistent with the rest of the will.   Schreiner's Appeal, 3 S., 106.

Precatory words, if clear and positive, are as effectual as words of command.   Burt *v.* Herron, 16 S., 402.

*Montooth Bros.*, and *J. M. Swearinger* for defendants in error were not heard.

Mr. Chief Justice MERCUR delivered the opinion of the Court, January 4th, 1886.

The alleged error in this judgment is determined by the construction to be given to the will of David Hopkins.   The specific contention is whether Margaret Hopkins took an estate in fee, in the real estate of which he died seised.

In the second paragraph of his will he declares, " I give, devise and bequeath to my beloved wife, Margaret Hopkins, her heirs and assigns forever, all my property, real, personal and mixed, of what nature or kind soever, and wheresoever the same shall be at the time of my death."

In the third paragraph he declares " My wish is, that after the sale of my real estate by my wife, Margaret aforesaid, without charging my said real estate, that she will, if she has a sufficient sum of money to do so, to give to my daughter Mary's children as follows."   Then to three named the sum of fifty dollars each, at any time she may deem most suitable for herself; and to one other named, fifty dollars, when he attains the age of twenty-one years.

The following and concluding paragraph reads:   " My further request is that at the death of my wife Margaret aforesaid, that she will so divide what she may have among our daughters, Martha and Eliza's children, share and share alike."

It is unquestionably conceded that the second paragraph of the will standing alone would give a fee to Margaret.   On

1 AMERMAN—19

behalf of the plaintiff in error, it is claimed that the estate thus given is changed by subsequent language in the will, so that in lieu of an absolute devise to her, the last paragraph created a trust in her for the benefit of the persons therein named.

It is undoubtedly true the intent of the testator, as gathered from the whole will, furnishes the cardinal rule of construction. When that intent is manifested with sufficient certainty and is not in conflict with established rules of law, it must govern: Middlesworth's Admr. *v.* Blackmore, 24 P. F. S., 414; Schott's Estate, 28 Id., 40; Reck's Appeal, Id., 432; Webb *v.* Hitchins, 9 Out., 91.

In this state the rule is well settled that words in a will merely expressive of desire, recommendation, and confidence, are not sufficient to convert a devise or bequest into a trust: Pennock's Estate, 8 Harris, 268; Jauretche *v.* Proctor, 12 Wr., 466; Second Reformed Presbyterian Church *v.* Disbrow, 2 P. F. S., 219; Bowlby *v.* Thunder, 9 Out., 173.

Expressions of a desire or a wish of the testator as to a specific disposition of his property, standing by themselves alone, may constitute a valid devise or bequest thereof. The rule is different when such expressions are used after an absolute disposition of the property has been made. After an unqualified devise by the testator of his property, no precatory words to his devisee can defeat the estate previously granted : Burt *v.* Herron, 16 P. F. S., 400; Bowlby *v.* Thunder, *supra.*

The language in the third paragraph of the will appears to assume that Margaret will sell the real estate, yet there is no direction that she shall do so, and the testator did not appoint any executor. Whether she had a " sufficient sum of money " to comply with his wish appears to have been left to her to decide. No question however now arises as to the gifts therein mentioned. It is merely referred to as aid in construing the last paragraph.

In the last the word " request " is used as synonymous with " wish " in the former. The language is " my further " request, thus continuing the use of a word merely precatory. The testator makes no reference to his property nor to the proceeds of property which he has devised to her. His wish or request is that she will divide " what she may have " at her death, among the persons named. This language is sufficiently broad to apply to all her property however acquired. Nothing less than her will duly executed could give effect to the request of David Hopkins. This was an act purely optional with her. We are clearly of the opinion that no subsequent language in the will converted into a trust the property which had previously been devised to her absolutely in fee.

Judgment affirmed.