[S. F. No. 1872. In Bank.—May 11, 1901.]

In the Matter of the Estate of MELCHIOR MARTI, Deceased. ELIZABETH J. MARTI, Appellant, v. AMELIA S. ANDERSON et al., Respondents.

CONSTRUCTION OF WILL—ABSOLUTE DEVISE TO WIFE—DESIRE FOR TESTAMENTARY DISPOSITION OF HALF—ESTATE NOT QUALIFIED—TRUST.—A devise, in a will, of all of the residue of the testator's estate, consisting of community property, to his wife, who was appointed executrix without bonds, and given full power of disposition and management of the estate, vests in her the entire residue absolutely, and her title thereto is not qualified by a subsequent independent expression of the desire of the testator that upon her death one half of the property bequeathed to her shall be devised by her to his relatives. No trust is thereby created in favor of the heirs at law of the testator.

ID.—EFFECT OF PRECATORY WORDS.—Precatory words may or may not create a trust, according to the circumstances of the particular case. They are not to be regarded as creating a trust, unless it appears that the testator intended to impose an imperative obligation, and to exclude the exercise of discretion or option in reference to the act in question.

ID.—EXPRESSION OF DESIRE IMPERATIVE UPON EXECUTOR—ESTATE OF LEGATEE NOT LIMITED.—The expression of the desire of the testator for the disposition of his estate is to be construed as imperative when addressed to his executor; but a mere independent expression of desire, addressed to his legatee, is not to be construed as a limitation upon an estate or interest expressly vested in the legatee in absolute terms. A clear and distinct desire or bequest cannot be affected by any other words not equally clear and distinct, or by inference or argument from other parts of the will.

ID. — IMPORT OF "DESIRE." — According to the ordinary use of the English language, the word "desire" does not import a trust or charge as addressed to a legatee or devisee. An expression of "desire" that the one to whom a bequest is made shall make a certain testamentary disposition of part thereof, falls short of a "command or direction," and is in the nature of a mere expression of the testator's feelings, and a suggestion or recommendation or reason to be considered by the legatee or devisee in making a testamentary disposition.

APPEAL from a decree of the Superior Court of Sonoma County distributing the estate of a deceased person. Albert G. Burnett, Judge.

The facts are stated in the opinion of the court in Department One.

Lippitt & Lippitt, for Appellant.

Stanly, McKinstry, Bradley & McKinstry, for Respondents.

HARRISON, J. — The appeal herein was originally heard in Department One, and an opinion filed therein, upon which an order was made reversing the judgment of the superior court. Upon the petition of the respondents, a rehearing was granted, and the cause was afterwards argued before the court in Bank. The opinion rendered in Department is now adopted by the court in Bank, and for the reasons therein stated the judgment is reversed and the superior court is directed to enter a decree distributing the entire residue of the estate to the appellant.

McFarland, J., Van Dyke, J., and Garoutte, J., concurred.

The following is the opinion rendered in Department One, July 19, 1900: — .

HARRISON, J. — This appeal is from the decree of distribution in the above estate, and involves the construction of the will of the decedent. The will, after a bequest of certain personal property, contains the following provisions: —

"Secondly. I give and bequeath to my wife, Elizabeth Jenny Marti, all the other property, real and personal, and wherever situated, of which I may die possessed [giving a description thereof]. I appoint my wife as executrix of this my last will

and testament, to serve without bonds; with full power of disposition, and to manage the business, to sell, to lease, and manage the property without order of the court or interference whatever.

"Upon the death of my wife, I desire that one half of the property bequeathed to her shall be devised by her to my relatives."

The decedent left a surviving widow—the appellant herein—and three nieces, children of a deceased sister, who are the respondents. The property involved was the community property of the deceased and the appellant, and she has elected to take under the will. The superior court, after providing for the legacy of personal property, distributed the residue of the property to the widow, as follows: "The undivided one half thereof in fee absolute, and the remaining one half for and during the term of her natural life, with the remainder, in fee, of all said property, real and personal, to his, Melchoir Marti's, relatives living at the time of the death of the said Elizabeth J. Marti." The appellant contends that under the terms of the will she is entitled to the entire residue of the estate, as absolute owner, while the respondents claim that the testator has provided that one half of his estate shall belong, at her death, to those who would then be his heirs at law, and that the appellant is entitled to only a life estate in that half of the property.

The testator does not himself make direct disposition of any portion of his estate to his relatives, but, after giving the whole thereof to his wife, in the latter part of his will expresses his desire with reference to her testamentary disposition of the property which he had already bequeathed to her. Section 1321 of the Civil Code has therefore no application, inasmuch as this latter part of the will is not irreconcilable with the other parts.

The contention of the respondents is, that a proper construction of the will makes the appellant a trustee of one half of the residue of the estate for those who, upon her death, would be the heirs at law of the testator. The will does not contain any direct words of trust, but it is claimed that the precatory words used by the testator in expressing his desire that she should devise it to them create an implied trust which can be enforced against her.

The cardinal rule for the construction of all wills is to ascer-

tain the intention of the testator; and this intention is to be ascertained from the words of his will, taking into view, when necessary or appropriate, the circumstances under which it was made. (Civ. Code, sec. 1318.) Precatory words may or may not create a trust, according as they are used, and whether, in any particular will, they have been used for this purpose will depend upon the construction to be given to that will. The question for determination is, whether the devisee or legatee is the beneficiary, or merely a trustee for others, of the gift bestowed upon him; whether the wish or desire or recommendation that is expressed by the testator is meant to govern the conduct of the party to whom it is addressed, or whether it is merely an indication of that which he thinks would be a reasonable exercise of the discretion of that party, leaving it, however, to the party to exercise his own discretion. (*Williams* v. *Williams*, 1 Sim., N. S., 358.) In order to make him a trustee, it must appear that the testator intended to impose an imperative obligation upon him, and for that purpose has used words which exclude the exercise of discretion or option in reference to the act in question. (*Briggs* v. *Penny*, 3 Macn. & G. 546.) Mr. Bispham says (Principles of Equity, sec. 71): "The English rule now is, that precatory words are not to be regarded as imperative, unless it is plain from the context that the testator so intended them." "When property is given absolutely, and without restriction, a trust is not to be lightly imposed, upon mere words of recommendation and confidence." (*Hess* v. *Singler*, 114 Mass. 56.)

What precatory words annexed to a bequest or devise will create a trust in reference to the property bequeathed or devised, has been the subject of frequent discussion in the construction of wills, and it is impossible to harmonize the several decisions upon the subject. Upon this proposition, more, perhaps, than upon any other, may it be said that the decision in any one case cannot be taken as a precedent for another, but is available only to illustrate the application of the general rules for the construction of wills. Mr. Pomeroy says (Equity Jurisprudence, sec. 1016): "Each case must turn upon its own circumstances, and not a little upon the sentiments and prepossessions of individual judges." In the earlier cases in England, and also in this country where those cases were followed, very slight terms were held sufficient to create such a trust, but in the later cases in England, as well as in this

country, with the exception, perhaps, of New Jersey, a different rule has been followed. Mr. Redfield says (2 Redfield on Wills, *413) that the doctrine of the early cases is constantly disregarded, and that the inclination of the later cases is to follow the natural import of the words used. In *In re Diggles, Gregory* v. *Edmondson*, L. R. 39 Ch. Div. 253, it was said by Cotton, L. J.: "No doubt, in the old cases, slight expressions were laid hold of to create a trust, but the recent authorities have gone the other way. I adhere to what I said in *In re Adams and the Kensington Vestry*, 27 Ch. Div. 394: 'Having regard to the later decisions, we must not extend the old cases in any way, or rely upon the mere use of any particular words, but, considering all the words which are used, we have to see what is their true effect, and what was the intention of the testator, as expressed in his will.'" (See also *Mussorie Bank* v. *Raynor*, L. R. 7 App. C. 321; *Foose* v. *Whitmore*, 82 N. Y. 405; *Hess* v. *Singler*, 114 Mass. 56; Story's Equity Jurisprudence, sec. 1069.) If the testator accompanies his bequest with a desire on his part that it shall be applied in a certain way, or for the benefit of another than the legatee, either by coupling the same as a directing clause in the sentence by which the bequest is made, or by specific reference thereto, there is a clear manifestation that it was his intention that such disposition should be made of the property given to the legatee. In such a case a duty or obligation towards the other is imposed upon the legatee as a consideration for the gift. His acceptance of the property is upon the condition that he will comply with the direction or request of the testator, and he will be held as a trustee for that purpose (*Knox* v. *Knox*, 59 Wis. 172; *Warner* v. *Bates*, 98 Mass. 274; *Eddy* v. *Hartshorne*, 34 N. J. Eq. 419; *Campbell* v. *Beaumont*, 91 N. Y. 464; *Colton* v. *Colton*, 127 U. S. 300); but we have not been cited to any case in which it has been determined that a legacy or devise which the testator in one portion of his will has given in absolute terms, is held in trust by reason of words of request or desire contained in a subsequent and independent clause of the will. In *Colton* v. *Colton*, 127 U. S. 300 (cited by the respondents), and in some other cases, the words by virtue of which it was held that the trust was created were not, it is true, a portion of the sentence creating the gift, but, as they followed immediately thereafter, they accompanied the gift as fully as though joined with it by a connecting word. The court, in its opinion, places stress

upon the fact that the bequest to the wife was "immediately followed" by these words, and that they were "in direct connection" with the gift. It is also to be observed that in that case the intention of the testator was derived from a comparison of other clauses in the will, and also in view of the circumstances under which the will was made,—the situation of the testator, the property involved in the gift to his wife, the circumstances of those for whom the bequest was made, and the relation between them and the testator,—while in the present case there are no surrounding circumstances to be considered, and the intention of the testator is to be drawn from the language used in the will.

The precatory words in the present will are: "Upon the death of my wife, I desire that one half of the property bequeathed to her shall be devised by her to· my relatives." These words stand in the will in a paragraph separate from that by which the property is given to the wife, and there is nothing in the context, or in any other part of the will, which throws any light upon the intention with which the words were used. The words themselves fall far short of a command or a direction, and are rather in the nature of an expression of the testator's feelings, and a suggestion or recommendation to be considered by her in making a testamentary disposition of her estate, or as a reason to influence her therein. While the desire of a testator for the disposition of his estate will be construed as a command when addressed to his executor, it will not, when addressed to his legatee, be construed as a limitation upon the estate or interest which he has given to him in absolute terms.

"The words of a will are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected, and that other can be ascertained." (Civ. Code, sec. 1324.) "*Prima facie*, a mere request, or an expression of hope or confidence or expectation, does not import a command." (Bispham's Principles of Equity, sec. 71.) According to the ordinary use of the English language, the word "desire" does not import a trust or charge. (*In re Diggles, supra.* See also, to the same effect, *Pennock's Estate*, 20 Pa. 268; *Hopkins* v. *Glunt*, 111. Pa. 287; *Bellas's Estate*, 176 Pa. 122; *Batchelor* v. *Macon*, 69 N. C. 545; *Bills* v. *Bills*, 80 Iowa, 269; *Hess* v. *Singler*, 114 Mass. 56; *Shaw* v. *Lawless*, 5 Clark & F. 129; *In re Hutchinson and Tenant*, L. R. 8 Ch. Div. 540; *In*

*re Adams and the Kensington Vestry*, 27 Ch. Div. 394, 410.)
This question has been very fully considered in a recent case
in England ( *Williams* v. *Williams*, 2 Ch. 12 (1897) ), in which
it was held that where the testator gave his residuary estate to
his wife, "in the fullest trust and confidence that she will carry
out my wishes" in certain particulars, the wife took the estate
absolutely, and free from any condition or trust, Lindley L. J.,
saying: "Unless it appears from the whole will that an obli-
gation was intended to be imposed, no obligation will be held
to exist." (See also *Hills* v. *Hills*, 1 Q. B. 483 (1897); *In re
Hamilton*, 2 Ch. 370; 12 R. 355 (1895) ).

The testator had, by a previous clause in his will, given and
bequeathed to his wife "all the other property, real and per-
sonal, and wherever situated, of which I may die possessed."
This gift is explicit, and without any words of limitation or
qualification. Considered by themselves, they create in her
an absolute estate in the property given by him. The author-
ities all agree that when an absolute estate has been conveyed
in one clause of a will, it will not be cut down or limited by
subsequent words, except such as indicate as clear an intention
therefor as was shown by the words creating the estate.
Words which merely raise a doubt or suggest an inference
will not affect the estate thus conveyed, and any doubt which
may be suggested by reason of such subsequent words must be
resolved in favor of the estate first conveyed. This rule of
construction controls the rule that an interest given in one
clause of a will may be qualified or limited by a subsequent
clause. ( *Thornhill* v. *Hall*, 2 Clark & F. 36; *Hess* v. *Singler*,
114 Mass. 56; *Clarke* v. *Leupp*, 88 N. Y. 228; *Freeman* v. *Coit*,
96 N. Y. 63; *Clay* v. *Wood*, 153 N. Y. 134; *Fullenwider* v. *Wat-
son*, 113 Ind. 18.) The rule has been formulated, in this state,
in section 1322 of the Civil Code, which declares that a clear
and distinct devise or bequest cannot be affected by any other
words not equally clear and distinct, or by inference or argu-
ment from other parts of the will.

Upon the foregoing considerations it must be held that the
appellant is entitled to the entire residue of the estate of her
husband, free from any limitation or trust.

The judgment is reversed, and the superior court is directed
to enter a decree distributing the entire residue of the estate to
the appellant.