[No. 2. Third Appellate District.—May 31, 1905.]

In the Matter of the Estate of H. G. BUHRMEISTER, Deceased. A. L. BUHRMEISTER et al., Appellants, v. WALLACE BUHRMEISTER, Respondent.

WILLS—CONSTRUCTION OF—DESIRE AND DIRECTION FOR LEASE.—A provision in a will expressing a "desire" that a son named "shall have the use and occupation, rents, issues, and profits of my fruit ranch," described, for the period of five years from the death of the testator, together with all household and kitchen furniture and personal property used in connection therewith, at a specified annual rental, to be paid in equal shares to his brothers and sisters, and a "direction" to all other children to execute to said son immediately after his death "a lease of said premises and personal property for the said term and upon the conditions herein expressed," shows a clear intention that such son shall have the use of the property described for the period of five years.

ID.—DEVISE OF ESTATE—SUBJECTION TO LEASE—DISTRIBUTION.—Where
the testator devised all of his estate in equal shares to six children,
including such lease, in a previous article of the will, such devise is
not without limitation, but is subject to the lease for five years
subsequently provided for in favor of one of them as against the
others, and the property was properly distributed subject to the
provision for the lease.

APPEAL for a decree of distribution under the will of a
deceased testator in the Superior Court of Solano County.
A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Reese Clark, for Appellants.

George A. Lamont, for Respondent.

CHIPMAN, P. J.—Settlement of final account of execu-
tors and distribution.

The testator by article II of his will devised all his prop-
erty to his six children, naming them, "in equal shares, share
and share alike."

Article III of his will is as follows: "It is my desire that
my son, Walter Buhrmeister, shall have the use and occupa-
tion, rents, issues and profits of my fruit ranch of about
(60) sixty acres, near Manka's Corner, for the period of five
(5) years immediately after my death, should he live so long,
together with all my household and kitchen furniture and all
personal property belonging to me and used in connection
with said fruit ranch, at the annual rental of three hundred
dollars ($300) to be paid annually at the end of each year,
to his brothers and sisters, sixty dollars ($60) to each, to-
gether with all taxes of every kind which may be levied upon
said property during said term; and I direct all my other
children to execute to my said son Walter, immediately after
my death, a lease of said premises and said personal property
for the said term and upon the conditions herein expressed."

The court distributed the estate subject to these provisions
of the will. Appellants contend that the whole estate was
vested in the devisees by article II of the will and that article
III expressed but a mere wish or suggestion; that Walter
was not bound to take under this article that there was no

I Cal. App.—6

imperative obligation  imposed on him, and "if he is not
bound it cannot be said that the other devisees are bound
to be divested of their estate for five years at the option of
Walter."    (Citing *Estate of Marti*, 132 Cal. 666, [61 Pac.
964, 64 Pac. 1070] ; *Hess* v. *Singler*, 114 Mass. 56; *Colton* v.
*Colton*, 127 U. S. 300, [8 Sup. Ct. 1164].)

In *Estate of Marti*, 132 Cal. 666, [61 Pac. 964, 64 Pac.
1070], the principles upon which courts have in the past in-
terpreted, and now interpret, similar provisions of wills, are
very fully discussed, and, as far as seems possible, the de-
cisions are sought to be harmonized by a very full examina-
tion of the English and American cases.    Our code provi-
sions on the interpretation of wills (Civ. Code, sec. 1317 et
seq.) are also elucidated to some extent.    We feel relieved by
this discussion from the necessity of re-examining the ques-
tions.    In the Marti case the entire estate was given by will
to the testator's wife.    Following this devise was the follow-
ing provision: "Upon the death of my wife, I desire that one
half of the property bequeathed to her shall be devised by
her to my relatives."    It was held that the devisee was en-
titled to the entire residue of the estate of her husband free
from any limitation or trust.

"A will is to be construed according to the intention of the
testator."    (Civ. Code, sec. 1317.)    "In case of uncertainty
arising upon the face of a will, as to the application of any
of its provisions, the testator's intention is to be ascertained
from the words of the will, taking into view the circum-
stances under which it was made, exclusive of his oral declar-
ations."    (Civ. Code, sec. 1318.)    "All parts of a will are
to be construed in relation to each other, and so as, if possi-
ble, to form one consistent whole; but where several parts
are absolutely irreconcilable, the latter must prevail."    (Civ.
Code, sec. 1321.)    "The words of a will are to receive an in-
terpretation which will give to every expression some effect,
rather than one which will render any of the expressions in-
operative."    (Civ. Code, sec. 1325.)    Notwithstanding all
efforts by statute and by decisions of the courts to simplify
and make clear the rules by which to interpret wills, there
are certain uses of words which seem beyond absolute and
unvarying definition when used in wills.    Among these are
precatory words.    It was said in the Marti case to be "im-

possible to harmonize the several decisions upon the subject''
as to what estate may be created by such words; and it was
added ''that the decision in any one case cannot be taken as a
precedent for another.'' Having in view the rules of in-
terpretation stated in the Civil Code and without violating
the reasoning in the Marti case, we think it reasonably clear
that the testator, in the present case, intended to do more
than leave a mere request behind him as to his son Walter.

In the paragraph of his will expressing his desire, and con-
cerning its subject-matter, he directs certain things to be done
in a way to show clearly an intention and not a mere desire
that Walter should have the use of the property described
for a period of five years. It is this feature of the will, set
forth so specifically, that differentiates it from the Marti
will. It is true that the court said in that case that no case
had been cited to it in which it had been determined that a'
devise in absolute terms had been held to be in trust by
reason of words of request or desire contained in a subse-
quent clause of the will. But this statement must refer to
some such will as that then before the court where there were
no other provisions tending to throw light upon the testator's
intention. Here the language in article III is so plain a
direction that it would do violence to it to say that the tes-
tator expressed but a mere wish or desire.

The decree is affirmed.

McLaughlin, J., and Buckles, J., concurred.

A petition for a rehearing of this cause was denied by the
district court of appeal on June 26, 1905, and a petition to
have the cause heard in the supreme court after judgment in
the district court of appeal was denied by the supreme court
on July 25, 1905.