## O'BRIEN v. McCARTHY et al.

(Court of Appeals of District of Columbia. Submitted October 12, 1922. De-cided December 4, 1922.)

### No. 3756.

1. Wills ⟨⟩69, 439—"Will" defined; intention must be given effect, if legal.

A "will" is a legal declaration, making known the disposition to be made of a person's property after death; and testator's declared inten-tions as to such disposition must be given effect, unless the law forbids.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Will.]

2. Wills ⟨⟩470—Whether precatory words are mandatory must be determined from will as a whole.

The earlier rule that the expression of a wish, request, or even recom-mendation by testator was mandatory, both on the courts and on those on whom the obligation of carrying the will into effect rested, no longer obtains; but the question as to whether such words are mandatory, or leave the realization of the wish to the discretion of the parties, must be determined by the language actually used, the context, and the considera-tion of the will as a whole.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Wills** ⊙=675—Residuary bequest, to be used in accordance with oral instructions, held not to impose trust.

 Where a will had previously bequeathed three separate sums to the executor, to be expended by him for a definite purpose, thereby indicating that testatrix knew how to create a trust, a residuary clause, bequeathing the residue to the individual who was named executor, to be expended by him in his judgment in accordance with the verbally expressed wishes of testatrix to him, without any showing that those wishes included the expenditure for the benefit of any person other than the legatee, did not create a trust, but was only a recommendation, which he could follow or not.

4. **Wills** ⊙=672(2)—To create private trust, language must charge trustee with duty, rather than discretion.

 To create a private trust, as distinguished from a charitable one, the property must not only be certain, but the object of the trust must be specific and definite enough to be enforced, and the language must charge the trustee with a duty rather than discretion, or option to act or not to act as to him may seem best.

5. **Wills** ⊙=675—Doubt as to whether precatory words create trust resolved in favor of absolute estate previously given.

 Even if the precatory words in the residuary bequest were sufficient to raise a doubt as to whether testatrix intended to create a trust, that doubt would have to be resolved in favor of the estate first conveyed to the legatee by absolute bequest.

Appeal from the Supreme Court of the District of Columbia.

Bill by John J. McCarthy and others against William J. O'Brien, Jr., for the construction of the residuary clause of the will of Margaret McCarthy, deceased. From a decree that the defendant held the residuary property in trust for the heirs and next of kin, and directing him to distribute it, defendant appeals. Reversed and remanded.

H. W. Sohon, of Washington, D. C., for appellant.

Samuel T. Ansell and Edward S. Bailey, both of Washington, D. C., for appellees.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

SMITH, Acting Associate Justice. Margaret McCarthy died, leaving a last will and testament, which names William J. O'Brien, Jr., of Baltimore, as executor thereof, and contains a residuary clause which is as follows:

"All the rest and residue of my estate, real, personal and mixed, of every kind, character and description, and wheresoever situate I give, devise and bequeath to William J. O'Brien, Jr., of Baltimore, Maryland, to be expended by him entirely in his judgment, in accordance with my verbally expressed wishes to him."

The appellees filed a bill in the Supreme Court of the District of Columbia, sitting in equity, in which bill it was averred that the clause of the will above recited attempted to create a trust, but that the trust sought to be established was void for uncertainty, indefiniteness, and want of completeness. The complainants, therefore, prayed the court to construe said clause and to determine the validity and the effect thereof.

⊙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The court held that the clause in issue attempted to create a trust and that the trust so attempted to be created was void for uncertainty. It was accordingly decreed that William J. O'Brien, Jr., held the residuary property in trust for the heirs and next of kin of the deceased, and after the payment of the debts of the deceased and the costs of administration the said William J. O'Brien, Jr., was directed to distribute so much of the property of the estate as then remained in his hands to the next of kin in the proportions specified in the decree. From that decree William J. O'Brien, Jr., took an appeal, and he now contends in effect that he is vested by the residuary clause of the will with the legal and equitable title to the property referred to therein.

The appeal calls for the construction of said clause and a decision as to whether the language used either created or attempted to create a trust.

[1, 2] A will is a legal declaration, making known the disposition to be made of a person's property after death, and it is settled beyond debate that his declared intentions as to such disposition must be given effect on his decease unless the law forbids. Colton v. Colton, 127 U. S. 300, 309, 310, 8 Sup. Ct. 1164, 32 L. Ed. 138. Indeed, in the earlier decisions judges were so anxious to satisfy the intentions of the testator that the expression of a wish, expectation, desire, request, or even recommendation was held to be mandatory and binding alike on the courts and on those upon whom rested the obligation of carrying the will into effect. Colton v. Colton, supra, 127 U. S. 324, 8 Sup. Ct. 1164, 32 L. Ed. 138; Hess v. Singler, 114 Mass. 56, 59. These decisions apparently disregarded utterly the primary meaning of precatory words and established a rule of interpretation which now and then frustrated the actual intention of the testator by imposing an imperative duty on his executors, legatees, and devisees as to something which he really intended to leave entirely to their discretion and judgment. The vice of such a rigid construction has been recognized for a long time, and the later decisions have almost uniformly declined to follow it, on the sound principle that it not infrequently brought defeat to the testator's real intentions. Bispham, Principles of Equity, § 72; Estate of Marti, 132 Cal. 666, 669, 61 Pac. 964, 64 Pac. 1071; Lines v. Darden, 5 Fla. 51; Hess v. Singler, supra.

Whether precatory words are mandatory, imposing an imperative obligation on executors, legatees, and devisees, or are the expression of a mere wish, hope, expectation, or recommendation, the realization of which is left to the discretion of executors, legatees, and devisees, must now, according to the weight of authority, be determined by the language actually used, the context, and the consideration of the will as a whole. Williams v. Williams, 1 Simons (N. S.) 358, 369; Colton v. Colton, supra, 127 U. S. 300, 312, 313, 8 Sup. Ct. 1164, 32 L. Ed. 138. If the words of the testator, their relation to other terms of the same provision, and a reading of the whole will are convincing that the testator meant to impose an obligation on those standing in his place after he died, that intention must be respected. On the other hand, if, after consideration of the words themselves, the context, and the will

as a whole, it cannot be safely said that precatory expressions were used in a mandatory sense, they should be given their ordinary meaning (Floyd v. Smith, 59 Fla. 485, 492, 51 South. 537, 37 L. R. A. [N. S.] 651, 138 Am. St. Rep. 133, 21 Ann. Cas. 318), and it must be accepted that the testator having expressed his wishes left their accomplishment to the discretion and judgment of his executors or successors. That method of construing testamentary dispositions, it seems to us, must be preferred, inasmuch as it accomplishes with some degree of certainty the real intentions of the testator, and reduces to a minimum the chance of making a will for the testator, or of importing into it an intention or disposition which he neither intended nor desired.

[3] In view of these premises, it is clear that we cannot charge with a trust the residuary devise and bequest to William J. O'Brien, Jr., unless a careful consideration of the whole will and the language in which it is couched justifies the conclusion that such was the real intention of the testatrix, Margaret McCarthy.

Item 4 of the will bequeaths the sum of $500 to be expended by the executor for certain religious purposes, item 5 leaves the sum of $500 to be expended by him for the care of a lot in Mt. Olivet Cemetery, and item 7 sets apart the sum of $500 to be expended by him "in connection with the proper authorities of the Roman Catholic Church, for the erection of a chapel at some appropriate place."

Each item, it will be noted, provides a definite sum for a specific use and imposes a clean-cut duty on the executor, from which it results that nothing was left to his discretion or his judgment. There is no mistaking the imperative nature of those provisions of the will, and they are convincing evidence that the testator knew how to make a bequest which was impressed, not only with all the indicia of a mandate, but with a legal duty carrying with it all the sanctions of a trust.

When it came to item 8 of her will, however, the same testatrix who had demonstrated her ability to express her imperative will as to the disposition of $1,500 belonging to her estate, and who in apt language dedicated the fund to three separate and distinct uses, saw fit to devise and bequeath the rest and residue of her property to William J. O'Brien, Jr., "to be expended by him entirely in his judgment in accordance with my verbally expressed wishes to him." She named no beneficiary other than William J. O'Brien, Jr., and specified no definite use or purpose to which such residue of her estate should be devoted. What were her "verbally expressed wishes" is not disclosed by the will, and for all that we know she may have informed O'Brien that she desired him to expend the legacy for some special purpose, which she believed would result in benefit or advantage to him as her final legatee, in which event it is apparent that no intention to create a trust ever existed.

Had she left her property, or any part of it, to William J. O'Brien, Jr., "to be expended by him entirely in his judgment," *for the benefit of somebody else or for some specific purpose,* or if she had manifested any such intention in the will considered as a whole, a different legal issue would be presented; but she did nothing of that kind, and under the circumstances the courts have no right to import into her will

language which she elected not to use, or to impute to her an intention which she refrained from expressing. If she had been so minded, she could have directed O'Brien to expend the residue of her estate for the benefit of her natural heirs; but she did not do that, and, not having done so, the courts should not order a testamentary disposition, which for reasons of her own she declined to make.

[4] To create a private trust, as distinguished from a charitable one (Washington Loan & Trust Co. et al. v. Hammond et al., 51 App. D. C. 260, 278 Fed. 569), the property charged with it must not only be certain; but the object of the trust must be specific and definite enough to be enforced, and, besides all that, the language creating it must be such as to charge the trustee with a duty rather than a discretion, or option to act or not to act as to him may seem best. Lines v. Darden, supra, 5 Fla. 51; Hess v. Singler, supra, 114 Mass. 59; Briggs v. Penny, 3 Macnaghten & Gorden, 546, 554.

Item 8, now under consideration, is so lacking in the essentials of a trust, and the will is so bare of the shade of a suggestion of an intention to create one, that even an attempt to establish a trust can be inferred only by indulging in the surmise that O'Brien was verbally instructed to expend the residue of the estate for the benefit of somebody else or for some purpose not beneficial to himself. See Gregory v. Edmondson, 39 Chancery Division, 253, 256–258.

[5] Even if the words "in accordance with my verbally expressed wishes to him" were sufficient to raise a doubt as to whether the testatrix intended to create a trust, that doubt would have to be resolved in favor of the estate first conveyed by absolute devise and bequest to William J. O'Brien, Jr., *as an individual* and not as executor. Estate of Marti, supra, 132 Cal. 672, 61 Pac. 964, 64 Pac. 1071.

In our opinion, if the verbally expressed wishes of the testatrix, whatever they were, are left, as item 8 enjoins, to the person who enjoyed her confidence, her desires formally expressed will be better respected than to say for her something that she did not say for herself, and thereby probably secure a result completely at variance with her real intentions.

The decree appealed from is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.