[Civ. No. 9324. Second Appellate District, Division One.—September 1, 1934.]

In the Matter of the Estate of SPENCER GOLD-THWAITE, Deceased. EDWARD S. GOLD-THWAITE, Appellant, v. MARY JOHNSON, Respondent.

Harvey M. Parker and Merriam, Rinehart & Merriam for Appellant.

G. C. O'Connell for Respondent.

YORK, J. — The decedent, a resident of Los Angeles County, died on March 31, 1931, in the state of Kansas, as result of an aeroplane fall. Prior to his death, to wit: on February 18, 1930, decedent had executed a duly attested will which was admitted to probate and appellant herein was appointed executor thereof. In this attested will, decedent devised to his father, the appellant, his homeplace, together with the furnishings therein. ■ After the attested will had been duly admitted to probate, an olographic writing dated March 28, 1931, was offered for probate by

Mary Johnson, now deceased, as and for a codicil to decedent's last will and testament. This olographic writing read as follows:

"March 28, 1931.

"Father—

"If anything should happen to me (die or be killed) enroute to or from California, or while there, will you do me the everlasting favor of giving one-half the proceeds from the sale of my house and furniture to Mary Johnson, 55 Pineapple St., Brooklyn, N. Y. As you know if you ever get this, the entire house and furniture is willed to you, but I love Mary very much and would like to have her have one-half.

"Thanks, Father.

"Spen

"(Spencer Goldthwaite)"

"I hereby witness that the above was written by Spencer Goldthwaite on March 28, 1931, and that the above is his own signature.

"Robert T. Furman, Jr."

Appellant by written opposition and contest opposed the probate of the olographic writing set out in full above, upon the grounds that it had not been signed or executed or attested by decedent, as or for a codicil to his last will and testament, or as any will or testament, and upon the ground that the instrument was not testamentary in character.

Upon conclusion of the hearing of the contest, an order was entered in which it was decreed "that that certain writing dated the 28th day of March, 1931, and which the court finds to be wholly written, dated and signed in the handwriting of said Spencer Goldthwaite, Deceased . . . be and the same is hereby admitted to probate as a codicil to the last will and testament of said Spencer Goldthwaite, Deceased". It is from this order that appellant prosecutes this appeal. Under the heading "Statement of Questions Involved", appellant in his opening brief sets out the following:

"1. Is the olographic instrument which was admitted to probate by the trial court testamentary in character?

"2. Is an olographic instrument entitled to probate as a codicil to an attested will, if it contains nothing but words expressing a wish or desire?

"3. Where the olographic writing is addressed to decedent's father and definitely recognizes as valid the gifts made under a prior attested will, will such an olographic writing operate to cut down the gift made by the attested will, where the olographic writing contains merely expressions of wish or desire that the father apply the gifts in a particular way?"

An examination of the record discloses that decedent and proponent had planned to intermarry, but because of a serious heart ailment which had undermined the health of the proponent, they had decided against this plan, and apparently it was with this in mind that decedent wrote the letter to his father. We think that the writing shows that it was addressed to his father, not as executor of the last will and testament of decedent, but rather to his father as a devisee under his will and that, instead of being testamentary in character, it simply expressed a desire that his father, as devisee under the will, should make certain use of the property devised to him. The writing refers to "one-half the proceeds from the sale of my house and furniture", but there is nothing either in the will or in the writing itself which orders, or even requests, a sale of the house and furniture, the will declaring: "I give, devise and bequeath . . . (a) My home and furniture at No. 1105 Glen Oaks Boulevard, Pasadena, California, to my father, Edward S. Goldthwaite." This is an unconditional and absolute devise of the homeplace to the father under the last will and testament of decedent, and the writing here involved, we construe to be only an expression of a desire on the part of decedent that his father look after the proponent.

In the *Estate of Marti*, 132 Cal. 666 [61 Pac. 964, 64 Pac. 1071], it appears that in the will itself, after bequeathing all of his property to his wife, the testator incorporated the following:

"Upon the death of my wife, I desire that one half of the property bequeathed to her shall be devised by her to my relatives." *Held*, that this clause had no testamentary force or effect.

Upon the authority of the cited case, the order appealed from is reversed.

Conrey, P. J., and Houser, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 29, 1934.