[Civ. No. 13776.   First Dist., Div. Two.   Nov. 24, 1948.]

Estate of EDWIN L. SACK, Deceased.   IDA SACK et al., Appellants, v. MARIÁN SACK, Respondent.

Geo. K. Ford and Duncan A. McLeod for Appellants.

S. Laz Lansburgh and S. Joseph Theisen for Respondent.

NOURSE, P. J.—This is an appeal from an order denying petition for probate of a letter offered as a codicil to a will. The trial court held that the letter was not written with testamentary intent and was not intended as a codicil to the will.

Edwin L. Sack died December 14, 1945, leaving a holographic will dated June 16, 1931, in which he left two rings to a friend, Dr. Reiter, and the rest of his estate to his sister, Ida Sack, "without any reservation," and designated the San Francisco Bank as executor and administrator. Upon petition of the bank this will was admitted to probate.

Thereafter the bank filed with the clerk of the superior court the letter of June 25, 1931, the one sought to be admitted to probate. This letter in decedent's handwriting, written nine days after the will, was addressed to his sister "Dear Ida," was found in the safe deposit box with the will but in a separate envelope marked "Property of Ida Sack." Decedent wrote: "This is simply a letter of instructions which I will ask you to follow in regard to the disposition of my estate which, according to the will which is to be probated, is left almost in its entirety to you, for obvious reasons. This is not exactly what I want but, in order not to complicate the will, I have written it as I have." He then goes on to point out that the insurance made out to his sister would be hers as well as the money in their joint savings accounts and that he also wanted her to have his jewelry, stamps, and personal effects. He then states "To Martha and Henry (appellants herein) $1000.00 in cash together." He requests Ida to collect $5,044 due from his brother, writing, "He is to pay this note to you and the money is to be disposed of along with the savings accounts I have in my name only as follows:

'Eleanore is to receive one fourth  
Virginia is to receive one fourth   } at 18 years of age  
Marian is to receive one half .' "

Marian Sack is the daughter and sole heir at law of decedent. The letter contained instructions to Ida "to become acquainted with her (Marian) so that you may be judge of her character, principle and attitude. . . . you judge her to be the right kind of girl. . . . you will arrange so that such education is paid for but only to the amount of one half of the total she gets at 18 years of age. Then at 18 she is to have the balance in her own name. If you judge against her Eleanore & Virginia are to get one half each of her share." At the time the letter was written Marian was about 6 years old, but at the time of the testator's death over 20.

Petitioners Ida Sack, Martha Strauss, Henry Strauss, Eleanore Hassing and Virginia Herman filed a petition "For Probate of Holographic Codicil." Marian Sack filed her answer denying that any persons named in the petition other than Dr. Reiter and Ida Sack are devisees and legatees of decedent.

Appellants contend the document was testamentary in character; that the words used were strong enough to indicate the positive testamentary intention of the testator when taken in connection with the property disposed of and the beneficiaries mentioned. They claim that in the second document there was a clear intent to change the will and that each bequest in the second document is positive, unequivocal and complete in itself; that Ida Sack is a trustee under said codicil. Appellants argue that the codicil shows additions, supplements, qualifications and alterations to said holographic will which is the usual definition of a codicil. They state that if there had been no provision in said holographic codicil excepting the mention of his daughter, whose name was omitted in said holographic will, this would have been sufficient alone to constitute this a holographic codicil.

Respondent argues that decedent left his estate to Ida without qualification and that his subsequently expressed desire as to her disposition thereof was neither dispositive nor a limitation on the bequest to her; that the letter to her was merely a request for her to exercise her judgment as to its disposition according to the best of her ability.

We are in accord with the ruling of the probate court for these reasons: The will discloses that it was executed by one who was familiar with the legal requirements. It was a complete and positive disposition of his entire estate without reservation. The will opened with the expression: "To whom it may concern. I write this declaration to be my last will and testament." The later writing was addressed to his sister, "Dear Ida" and opened with the expression: "This is simply a letter of instructions which I will ask you to follow." The whole tenor of the letter discloses an intention to let the will stand as written. There is nothing in the letter showing an intention to revoke or alter the dispositive provisions of the will. To the contrary the letter discloses the intent to let the will stand as written, the effect of which is a direct and complete devise to Ida "without any reservation of any kind whatsoever."

The case thus presents the frequent one in which a testator leaves the estate to a devisee without restrictions but later "requests" the devisee to make other disposition of part of the devise.

In all such cases the effect of the subsequent request has been determined on the basis of whether the subsequent writing is precatory or dispositive. ■ In the construction of such subsequent writings a distinction has been drawn between a request directed to the executor and one directed to the legatee. *Estate of Marti*, 132 Cal. 666, 671 [61 P. 964, 64 P. 1071]; *Estate of Miles*, 72 Cal.App.2d 336, 343 [164 P.2d 546]. Though in the first instance it may be construed as a command to the executor and hence dispositive, when addressed to a legatee it is construed as an expression of a wish only and not as a limitation on the title or interest which passed directly to the legatee on the death of the testator.

In *Estate of Loud*, 70 Cal.App.2d 399, 401 [161 P.2d 49], a letter was addressed to the executors in which the testator urged them to see "that Margaret gets the money I have left her as soon as you can." This letter was treated as merely an expression of a wish and not as a codicil.

Here the testator definitely stated in the subsequent writing that he expected the will to be probated as written. He showed no intention of altering its terms or changing the absolute devise to his sister. Since he had not mentioned his minor daughter in the will he attempted to make some provision for her by requesting his sister to give the daughter some portion of the sister's share if she deemed the daughter worthy of it. This does not purport to be a devise to the minor daughter—the title was left in Ida with nothing more than a request to her to give a portion of her legacy to Marian if she (Ida) should deem her worthy. The probate court had the duty of interpreting the letter in the light of all these circumstances to the end that it should determine whether it was intended to be dispositive or precatory. Since the testator positively stated that the will should stand and that his letter "is simply a letter of instructions" there is a strong basis for the court's interpretation which was in effect that the will was not altered and that the letter was intended to be no more than a request or instruction to the sister as to how she should distribute the property given her by the will. That letter may be paraphrased thus: "I have willed to you my entire estate and want the will to stand as written. However, after you have received the property I wish you would

give a part to A and B and a larger share to my daughter if you consider her worthy of it.''

Here the terms of gift in the will were explicit. The terms of the letter were qualified and uncertain. The interpretation of the two documents must favor the express words of the will over those of doubtful intention found in the letter. In *Estate of Marti, supra,* 132 Cal. at page 672, the court said: ''The rule has been formulated, in this state, in section 1322 of the Civil Code, (now section 104 of the Probate Code) which declares that a clear and distinct devise or bequest cannot be affected by any other words not equally clear and distinct, or by inference or argument from other parts of the will.''

This interpretation of the documents by the probate court is supported by the other rule found in the Marti case that when the subsequent ''desire'' is addressed to the legatee and not to the executor it will not be construed as a limitation on the estate which had been given to the legatee in absolute terms unless that intention clearly appears.

Appellants argue that since the minor daughter was not mentioned in the will the provisions made for her in the letter were sufficient to make that paper a valid codicil to the will. They cite *Payne* v. *Payne,* 18 Cal. 291, 302; *Estate of Cutting,* 172 Cal. 191, 194 [155 P. 1002, Ann.Cas. 1917D 1171]; and *Estate of Seiler,* 176 Cal. 771, 772 [170 P. 1138, 179 P. 389]. The cases are not in point. In the Payne case the testator executed a codicil about three years after the date of the will. The later writing contained the expression, ''I . . . make, publish and declare this codicil to my last will. . . .'' On appeal the court merely held that the codicil ''refers to the will, and operates as its republication.'' Hence mention in the codicil of the children omitted from the original will was a sufficient ''provision'' for them under the code section. In the Cutting case the later writing was expressly declared to be a codicil and the court held that it was a republication on the authority of the Payne case quoting the expression which we have just noted. The Seiler case does not discuss the question for which it is here cited.

In their final brief the appellants have raised for the first time the question whether the letter of June 25, 1931, does not create a trust in Ida for the benefit of Marian and the others there mentioned. This is an issue far apart from the one raised in the probate court on appellants' petition for the probate of the letter of June 25. As the issues were

framed the probate court had nothing before it but the question whether that letter was a codicil to the will or merely a precatory paper addressed to the legatee under the will. This appeal assigns error in the determination of that issue alone. A reviewing court's functions are confined to the inquiry whether error was committed in the proceedings brought up for review. This view is illustrated by what occurred in the Seiler case, *supra*. The Supreme Court in department referring to a letter claimed to be a codicil said: "This was not a will but merely the creation of a trust." The court in bank said: this "was not intended as a ruling that any trust created or attempted . . . is not open to attack. . . . This was a will contest. . . . The question of the sufficiency of the trust . . . was a matter not involved."

So here the question whether a trust was created and the question whether it was sufficient for the purposes claimed by appellants were not raised by either pleading or argument and we do not express any opinion on the subject.

Order affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied December 24, 1948, and appellants' petition for a hearing by the Supreme Court was denied January 20, 1949.