[L. A. No. 3540. Department Two.—January 26, 1914.]

## In the Matter of the Estate of MARY B. PURCELL, Deceased.

WILLS—PRECATORY TRUST—WHEN NOT CREATED IN RESIDUARY BEQUEST—EXPRESS INTENTION OF TESTATRIX.—A precatory trust is not created by a provision in a will whereby the testatrix gives the residue of her estate to P, the brother of her deceased husband, and then declares: "It has always been my desire and purpose to devote a large part of my property and estate to charitable purposes and uses, and to make such provisions therefor in my will. But under the exigencies of this will I am not now able to designate the particular charities and benevolences to which I desire to extend my bounty. The said P, however, is fully aware of and understands my desires in this regard, and I have full confidence in him that he will, in his judgment, respect and endeavor to carry out my said wishes and desires. I therefore request of him to do so, so far as he may think proper, without, however, intending by this clause or anything that may be herein stated, to create any trust or to place any limitations upon the said P, residuary legatee, in respect to the said legacy."

ID.—PRECATORY WORDS—STRICT CONSTRUCTION AGAINST CREATION OF TRUST.—Precatory words are not to be regarded as creating a trust unless it appears that the testator intended to impose an imperative obligation and to exclude the exercise of discretion on the part of the person to whom the recommendatory words are addressed.

ID.—PROCEEDING FOR ESTABLISHING TRUST—NECESSITY OF SUIT IN EQUITY.—A separate and independent action in equity would be necessary to develop such a trust rather than an appeal from a decree of distribution.

APPEAL from a decree of distribution of the Superior Court of Los Angeles County. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Ball & Ball, Thomas Ball, Murphey & Poplin, and Park Henshaw, for Appellants.

Valentine & Newby, for Respondents.

MELVIN, J.—The one question presented by this appeal from the decree of distribution in the Estate of Mary B. Purcell, Deceased, is this: Was a precatory trust established by the seventeenth section of said will?

The estate is a large one, having a value of more than four hundred and twenty thousand dollars. The specific bequests disposed of one hundred and forty-one thousand dollars, leaving something more than two hundred and thirty thousand dollars to Charles A. Purcell as residuary legatee. By another clause of the will he was left a specific bequest of thirty thousand dollars. Appellants, heirs at law of the deceased, are appealing upon the theory that the residuary bequest is in violation of section 1313 of the Civil Code because it is contrary to the provision in that section limiting the proportion of an estate which may be devised or bequeathed in trust for charitable uses. The probate court sustained the will.

The paragraph of the will which is here attacked is as follows:

"I hereby give, devise and bequeath all of the rest, residue and remainder of all my estate, real, personal, and mixed, of every name and nature and wheresoever situated, to said Charles A. Purcell of Oak Park, Illinois, brother of my deceased husband. It has always been my desire and purpose to devote a large part of my property and estate to charitable purposes and uses, and to make such provisions therefor in my will. But under the exigencies of this will I am not now able to designate the particular charities and benevolences to which I Mary B. Purcell desire to extend my bounty. The said Charles A. Purcell, however, is fully aware of and understands my desires in this regard, and I have full confidence in him that he will, in his judgment, respect and endeavor to

carry out my said wishes and desires. I therefore request of him to do so, so far as he may think proper, without, however, intending by this clause or anything that may be herein stated, to create any trust or to place any limitations upon the said Charles A. Purcell, residuary legatee, in respect to the said legacy.''

Assuming that the heirs at law have the right to appeal, the part of the will quoted above was properly declared valid. It does not create a precatory trust. But even if it did, the proportion of the estate not permitted by law to be so bequeathed and devised would, under the provisions of section 1313 of the Civil Code, go to the residuary legatee if one were named in the will, and one is so designated. However, we will discuss the will, as counsel have done, upon the theory that appellants are rightfully here.          .          .

It is to be noted that no contest or opposition was made at the hearing on the petition for distribution as contemplated by section 1668 of the Code of Civil Procedure. It is apparent, therefore, that appellants depend upon the phraseology of the will itself for a reversal of the ruling of the probate court. The words of the will are to be taken in their ordinary and grammatical significance unless a clear intention to use them in another sense can be collected. (Civ. Code, sec. 1324.) From the words of the seventeenth clause there can be no doubt that the testatrix did not intend to create a trust. She inserted the most emphatic disclaimer to any such intention and unless we feel bound to say that she was totally disingenuous we must give full value to her declaration that she desired to place no limitation upon Charles A. Purcell in respect to the legacy. The meaning of her words is unmistakable and her intention not to create a trust must govern. As there was no evidence taken with reference to any understanding between Mrs. Purcell and the residuary legatee there is no question of a secret trust presented; nor could there be such a question on this appeal. A separate and independent action in equity would be necessary to develop such a trust rather than an appeal from a decree of distribution. (*In re Sharp,* 17 Cal. App. 634, [120 Pac. 1079].) While the will of Mrs. Purcell contained words of a precatory or recommendatory nature, there is no room for construction because she emphatically declares therein that she does not intend that

a trust be created nor that the residuary legatee and devisee be bound to apply his inheritance to any particular purpose. The phraseology of her will is quite similar to that contained in the testament of Mrs. Sharp which was upheld by the district court of appeal in *O'Donnell* v. *Murphy*, 17 Cal. App. 626, [120 Pac. 1076], a case in which this court denied a petition for rehearing. It is the settled law in California that precatory words are not to be regarded as creating a trust unless it appear that the testator intended to impose an imperative obligation and to exclude the exercise of discretion on the part of the person to whom the recommendatory words are addressed. Other Californian authorities sustaining such an interpretation are *Estate of Mitchell*, 160 Cal. 619, [117 Pac. 774]; *Estate of Marti*, 132 Cal. 667, [61 Pac. 964, 64 Pac. 1071]; *Kauffman* v. *Gries*, 141 Cal. 297, [74 Pac. 846].

The decree of distribution from which this appeal is taken is affirmed.

Henshaw, J., and Lorigan, J., concurred.