[L. A. No. 3744.   Department Two.—October 14, 1916.]

## JAMES F. GARNER et al., Appellants, v. CHARLES A. PURCELL, as Trustee and as an Individual, Respondent.

CHARITABLE TRUST—WILL—PRECATORY WORDS.—In this action to impress with a trust for charitable uses the property passing under the residuary clause of the will construed in *Estate of Purcell,* 167 Cal. 176, the decision in that case is followed to the effect that from the will itself no inference in favor of the existence of such a trust may be drawn.

ID.—CHARGING LEGATEE WITH SECRET TRUST—BURDEN OF PROOF—CONFIDENTIAL RELATIONS.—Plaintiffs seeking to charge with a secret trust for charitable purposes property bequeathed to an individual without limitation has the burden of proof to establish the trust either by direct or circumstantial evidence, which in this case they have failed to do. The mere existence of confidential relations between the testator and the legatee is insufficient to establish such trust.

ID.—PROMISE TO HOLD LEGACY FOR PARTICULAR TRUST.—A court of equity may impose and enforce upon a legatee a trust where he has procured the legacy to be given him upon a promise, express or implied, that he will take and hold the property for some particular use; and where the secret trust is created for a purpose which is contrary to law, if no other disposition is made of the legacy by the will, the legatee will be declared the holder of the property in trust for the benefit of the heirs. Before this may be done, the evidence must establish that the legacy was given upon a promise, express or implied, that it would be taken and used for the particular trust.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Ball & Ball, Thomas Ball, Murphey & Poplin, and Park Henshaw, for Appellants.

Valentine & Newby, for Respondent.

MELVIN, J.—Plaintiffs appeal from the judgment and from an order denying their motion for a new trial.

This is the third time that this court has been concerned with litigation connected with the estate of Mary B. Purcell, deceased. These plaintiffs, who are heirs at law of said Mary B. Purcell, attempted to have the probate of her will revoked upon the grounds of fraud, of want of testamentary capacity of the testatrix, and of lack of due execution of the said will. Nonsuit was directed, and from the judgment entered thereon the plaintiffs unsuccessfully appealed. (*Estate of Purcell,* 164 Cal. 300, [128 Pac. 932].) Later an appeal was taken from the decree of distribution which plaintiffs had attacked upon the ground that the residuum given to Charles A. Purcell by the seventeenth paragraph of the will was bestowed in violation of section 1313 of the Civil Code, which limits the proportion of an estate which may be devised or bequeathed in trust for charitable uses. In that appeal the plaintiffs also failed. (*Estate of Purcell,* 167 Cal. 176, [138 Pac. 704].) Plaintiffs then sued in equity praying that the court should impress a trust upon the property distributed to Charles A. Purcell. The defendant answered and a trial was had upon the issues joined resulting in the granting of his motion for nonsuit at the close of the testimony offered by plaintiffs.

The pleadings were simple, and the principal contention of plaintiffs was that a secret understanding existed between the testatrix and Charles A. Purcell, in pursuance of which he was to distribute to charity more than one-third of the estate which was given to him absolutely under the terms of the will, but in reality for the purpose of having him violate section 1313 of the Civil Code.

It was alleged by plaintiffs and admitted by defendant that he claimed the residuary portion of the estate in his own right. It was similarly alleged and admitted that, for nine years prior to execution of the will and up to the time of her death, defendant had been Mrs. Purcell's trusted adviser and financial agent.

Appellants quote the seventeenth clause of the will and insist that by the very terms of the testament it suggests a trust because it makes both a specific and a residuary bequest to Charles A. Purcell; that in the residuary clause testatrix refers to her wish to bestow some of her fortune in charity; and that she also expresses her "full confidence" in Mr. Charles A. Purcell "that he will respect and endeavor to carry out" her "wishes and desires." All of these contentions are interesting, but they were disposed of by this department in *Estate of Purcell,* 167 Cal. 176–178, [138 Pac. 704, 705], where we said: "The words of the will are to be taken in their ordinary and grammatical significance unless a clear intention to use them in another sense can be collected. (Civ. Code, sec. 1324.) From the words of the seventeenth clause there can be no doubt that the testatrix did not intend to create a trust. She inserted the most emphatic disclaimer to any such intention and unless we feel bound to say that she was totally disingenuous we must give full value to her declaration that she desired to place no limitation upon Charles A. Purcell in respect to the legacy. The meaning of her words is unmistakable and her intention not to create a trust must govern." That decision disposes of the contention that from the will itself an inference in favor of the existence of a trust is to be drawn. (See, also, *In re Sharp,* 17 Cal. App. 634, [120 Pac. 1079]; *O'Donnell* v. *Murphy,* 17 Cal. App. 625, [120 Pac. 1076]; *Estate of Marti,* 132 Cal. 666, [61 Pac. 964, 64 Pac. 1071]; *Kauffman* v. *Gries,* 141 Cal. 295, [74 Pac. 846]; *Estate of Mitchell,* 160 Cal. 618, [117 Pac. 774].)

Nor do the admitted confidential relations between the defendant and the testatrix amount to any more than the establishment of a state of facts which would make it easy for them to enter into an understanding with reference to a secret trust. But mere intimacy as an independent fact is no more significant in a case of this sort than it is in an attack upon a will on the ground of undue influence. In other words, the burden of proof is upon the plaintiffs to establish the alleged

CLXXIII Cal.—32

secret trust either by direct or circumstantial evidence, and the fact of intimacy between Mrs. Purcell and this defendant is not more than a mere showing of opportunity by them to confer confidentially upon the desired disposition of her property.

The plaintiffs introduced in evidence a former will in which were bequests to them one-half as great as those made by the later will, and in which testatrix sought to dedicate the residue of her estate to an institution to be known as "Purcell Home for Aged People," and it is argued that the building and endowment of some such institution were enjoined upon the defendant by the precatory words of the later will. But it does not by any means follow that because the testatrix once contemplated the founding of such a charity, she cherished the same purpose when the second will was executed. We must read her last will by itself and construe it without reference to other and earlier instruments. The very fact that she caused another will to be prepared indicated that she was not satisfied with the previous will.

William H. Garner, a legatee, testified regarding two conversations, in one of which defendant informed him that he would not have to pay a certain note held by the estate. Purcell told witness that "it was just the same with the note as with the charity money in clause seventeenth; that he knew the charities she wanted it to go to and knew her intentions and intended to carry them out to the letter." Later when witness went to Charles A. Purcell to get a settlement the latter said he could not settle; that the money was going to charities; and that he purposed to carry out the known wishes of his aunt. He promised, however, to consult with the other executors and to see what he could do in case of a settlement. This testimony, as respondent suggests, is entirely consistent with his position as residuary legatee not bound to carry out a trust. As trustee of a fund he could hardly agree to exempt a debtor of the estate from the payment of a note. Another witness detailed a conversation in which Mr. Purcell told her that his aunt's personal effects would be sold and the proceeds would go to charity. Other witnesses told of statements by Charles A. Purcell to the effect that he wrote the will and Mr. Valentine, the attorney, put it in proper form. This was all of the evidence offered, and it utterly failed either to establish a secret trust or a conspiracy by Mr. Purcell and

Mr. Valentine to evade the law expressed in section 1313 of the Civil Code as alleged in one count of the complaint.   No one can dispute the existence of the rule that a court of equity may impose and enforce upon a legatee a trust where he has procured the legacy to be given him upon a promise, express or implied, that he will take and hold the property for some particular use; and where the secret trust is created for a purpose which is contrary to law, if no other disposition is made of the legacy by the will, the legatee will be declared by a court of equity the holder of the property in trust for the benefit of the heirs.   But as was said by Mr. Justice Hall, who delivered the opinion of the court in *O'Donnell* v. *Murphy,* 17 Cal. App. 625, [120 Pac. 1076], "before this may be done the evidence must establish that the legacy was given upon a promise, express or implied, that it would be taken and used for the particular trust."   There is here no such showing, and no testimony from which the existence of such secret trust might justly be inferred.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.