[S. F. No. 7857. Department Two.—June 7, 1917.]

In the Matter of the Estate of THOMAS H. BROWNE, Deceased.

WILL—PRECATORY TRUST — EXPRESSION OF TESTATOR'S DESIRE.—The mere expression of a desire by a testator that his residuary legatee pay a sum of money out of the residuum to a third person does not create a precatory trust in favor of such person.

ID.—PRECATORY TRUST WHEN CREATED.—Precatory words are not to be regarded as creating a trust unless it appear that the testator intended to impose an imperative obligation and to exclude the exercise of discretion on the part of the person to whom the recommendatory words are addressed.

APPEAL from a decree of the Superior Court of the City and County of San Francisco, distributing the estate of a deceased person. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

M. M. Getz, and R. F. Mogan, for Appellant.

Sullivan & Sullivan and Theo. J. Roche, for Respondent.

MELVIN, J.—Cora McGarvey and Edith Johns appeal from that portion of the decree of distribution by which the entire residue of the estate, consisting of about thirty-two thousand two hundred dollars, was distributed absolutely to Clarence W. Browne, a son of the testator, the theory and contention of appellants being that the will of Thomas H. Browne created a precatory trust in their favor.

In the will, after making in direct and positive language eight certain specific bequests to his collateral relatives, the testator used the following language:

"All the rest and residue of my property of every kind, character and nature whatsoever, whether real or personal, I give and bequeath unto my beloved son, Clarence W. Browne, save and except I desire that he pay out of said property to Miss Cora McGarvey, the sum of two hundred dollars ($200.00), and to Miss Edith Johns the sum of Two Hundred dollars ($200.00)."

Clearly, the words above quoted are not sufficient to create a precatory trust in favor of the appellants. Whatever may be the rule elsewhere, "it is the settled law in California that precatory words are not to be regarded as creating a trust unless it appear that the testator intended to impose an imperative obligation and to exclude the exercise of discretion on the part of the person to whom the recommendatory words are addressed." (*Estate of Purcell*, 167 Cal. 176–179, [138 Pac. 704, 705].) This rule is derived from and supported by numerous authorities, including *Estate of Mitchell*, 160 Cal. 618, [117 Pac. 774], *Estate of Marti*, 132 Cal. 666, [61 Pac. 964, 64 Pac. 1071], and *Kauffman* v. *Gries*, 141 Cal. 295, [74 Pac. 846]. It is to be observed that the testator's desire is expressed not to his executor but to one of the beneficiaries under his will. Under such circumstances it may only be regarded as a mere request and not

as partaking of the nature of a command.     (*Estate of Marti, supra; Estate of Pforr,* 144 Cal. 121, [77 Pac. 825].)

The judgment of final distribution from which the appeal is taken is affirmed.

Henshaw, J., and Lorigan, J., concurred.