[Civ. No. 9583. Second Appellate District, Division Two.—May 8, 1934.]

In the Matter of the Estate of MOLLIE E. PRICE, Deceased. MARJORIE WINNIFRED PRICE, Appellant, v. ELLA L. BARSKI, Respondent.

Goudge, Robinson & Hughes and David A. Sondel for Appellant.

Denis Evarts Bowman for Respondent.

CRAIG, J.—In a contest by the executrix of the estate of Thomas Price, deceased, to a petition to determine interest, judgment was rendered adversely to said contest and she appeals therefrom.

It appearing from the proceedings in probate that the testator's wife had left a will wherein she gave to him all her property, real and personal, "with the earnest request that he provide and maintain a home for my aunt (Ella L. Barski) (who has been so like a loving mother to me) during her lifetime"; that thereafter he had remarried, leaving a will wherein his second wife was named as executrix; that a final account and petition for distribution of his estate had been filed and that Mrs. Barski thereafter filed a petition to determine interest therein. Upon a hearing oral evidence was admitted over objections of appellant's counsel for the purpose of showing "the circumstances surrounding" the request above mentioned, which evidence consisted of statements by the testatrix to the petitioner that the former had made a will providing for her in accordance with a previous promise in consideration of companionship and care shown her by Mrs. Barski, and was handing the same to her to keep. Findings of fact and a conclusion of law were made, reciting that the latter was a dependent of the testatrix and a natural object of her bounty, that "an obligation was present to decedent's mind when she made her will and was among the circumstances under which said will was made", and that said decedent "by the terms of her will duly admitted to probate herein left all her estate to Thomas Price in trust to provide and maintain a home for Ella L. Barski during her lifetime".

Serious exception is taken to the ruling admitting evidence tending to show an agreement or obligation, citing Probate Code, sections 103, 104, 105 and 106. While all of the courts seem to have agreed that each instrument must be read in the light of its own language and circumstances, none seems to have extended the rule of evidence allowing the introduction of oral testimony unless, as prescribed by

said sections of the code, the language be doubtful or ambiguous as to circumstances necessary to determine interest.

It was early decided that if a mere desire be expressed, without a devise for a purpose, or if a bequest so depends upon the discretion of the general devise as to be incapable of execution without superseding that discretion, there can neither be a trust nor a charge. (*Lawrence* v. *Cooke,* 104 N. Y. 632 [11 N. E. 144].) A will giving an entire estate to the wife of a testator with ''request that she, my said wife, shall assist any of my brothers and sisters, if they should be in need'', was held a gift to the wife of absolute title which did not create a directory trust. (*McDuffie* v. *Montgomery,* 128 Fed. 105, citing *Warner* v. *Bates,* 98 Mass. 274, and *Mills* v. *Newberry,* 112 Ill. 123 [1 N. E. 156, 54 Am. St. Rep. 213].) In *Holmes* v. *Dalley,* 192 Mass. 451 [78 N. E. 513], it was held that the expression following a bequest that it was the wish and desire of the testator that the devisee appoint a share to his daughter and grandchildren, was merely an expression of a hope and belief, and that it did not create a trust. In *Hillsdale College* v. *Wood,* 145 Mich. 257 [108 N. W. 675], a will giving all of the testator's property to his wife, providing that she should survive him, otherwise to certain legatees, with the request that she provide by will for said legatees should she predecease him, was said to have been insufficient to create a trust.

California authorities cited by the parties do not vary from the rule announced in the foregoing cases, though the language may differ. In one of those which we deem controlling, *In re Estate of Hamilton,* 181 Cal. 758 [186 Pac. 587], precedents were reviewed and the court quoted with approval from *Estate of Marti,* 132 Cal. 666 [61 Pac. 964, 64 Pac. 1071], as follows: ''The question for determination is, whether the devisee or legatee is the beneficiary, or merely a trustee for others, of the gift bestowed upon him; whether the wish, or desire or recommendation that is expressed by the testator is meant to govern the conduct of the party to whom it is addressed, or whether it is merely an indication of that which he thinks would be a reasonable exercise of the discretion of that party, leaving it, however, to the party to exercise his own discretion''; and bequest to one with request ''that it be used'' for a designated pur-

pose was held made not for personal benefit but "for the purpose therein specified". And in *In re Lee's Estate,* 104 Cal. App. 15 [284 Pac. 948], it was observed that the words, "Instructions to Brothers & Sisters. Take care of brother Will," were expressed not to the executor but to a beneficiary; and *Estate of Browne,* 175 Cal. 361 [165 Pac. 960], was quoted to the effect that "it is the settled law in California that precatory words are not to be regarded as creating a trust unless it appear that the testator intended to impose an imperative obligation and to exclude the exercise of discretion on the part of the person to whom the recommendatory words are addressed".

By evidence purporting to show circumstances to explain an asserted doubt or ambiguity, an attempt is made in the instant proceeding to establish *aliunde* a verbal conveyance in trust, founded upon a contractual obligation supported by a consideration. No authority sanctioning such procedure nor authorizing such a conclusion from the same or similar language is cited. By no application of established rules of construction can this will be stated to devise or bequeath an interest for a purpose, and hence to be subject to any condition, limitation or proviso.

Judgment reversed.

Stephens, P. J., and Scott, J., *pro tem.,* concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 5, 1934.