[Civ. No. 10323. First Appellate District, Division Two.—October 2, 1936.]

In the Matter of the Estate of O. B. PALMER, etc., Deceased. MILDRED B. PALMER HOWELL, Appellant; LILLIE J. PALMER, Respondent.

J. S. Hutchinson for Appellant.

Ira Abraham for Respondent.

SPENCE, J.—This is an appeal by Mildred B. Palmer Howell, the daughter of the deceased, from the decree of settlement of final account and of final distribution.

The only question presented by the briefs relates to the propriety of the provisions of the portion of the decree distributing the estate. This question involves the construction of the terms of the will of the deceased. Said will provided:

"Second: I give, devise and bequeath unto my beloved daughter Mildred B. Palmer the sum of Two hundred and fifty ($250.00) Dollars, *knowing that her mother will provide for her according to her needs, having regard to her best interest, advantage and welfare;*

"Third: All the rest, residue and remainder of my estate, whether real, personal or mixed, and wheresoever situate, I give, devise and bequeath unto my beloved wife, Lillie J. Palmer." (Italics ours.)

The probate court distributed the sum of $250 to appellant Mildred B. Palmer Howell, and the residue of the estate to respondent Lillie J. Palmer.

█ Appellant contends that it was error to distribute the residue of the estate to respondent without declaring that said residue was held in trust for appellant's benefit. We find no merit in this contention. Appellant relies upon the italicized words above set forth, but in our opinion those words are insufficient to indicate any intention upon the part of the testator to create a trust. On the contrary, we believe said words clearly express the reason of the testator for not creating a trust.

Numerous cases are discussed by the parties in their briefs but none of the cases cited involved language similar to that before us. Neverthless, the general rules relating to the effect of the use of precatory words in wills seem to be well settled in this state. (See *Estate of Price,* 138 Cal. App. 462 [32 Pac. (2d) 994]; *Estate of Lee,* 104 Cal. App. 15 [284 Pac. 948]; *Estate of Browne,* 175 Cal. 361 [165 Pac. 960]; *Estate of Purcell,* 167 Cal. 176 [138 Pac. 704]; *Estate of Mitchell,* 160 Cal. 618 [117 Pac. 774]; *Estate of Marti,* 132 Cal. 666 [61 Pac. 964, 64 Pac. 1071].) We find nothing in the holdings in the cases cited nor in the language of the opinions in said cases which supports appellant's position.

█ Contending that said italicized words created an uncertainty upon the face of the will, appellant sought to introduce evidence of the circumstances under which the will was made. (Probate Code, sec. 105.) This evidence was admitted over the objection of respondent, but the probate court determined that said evidence was insufficient to show an intention to create a trust. Appellant again relies upon said evidence in this court. We have above indicated that,

in our opinion, there was no uncertainty in the terms of the will justifying the admission of such evidence, but even if that evidence be considered, the trial court properly determined that it was insufficient for the purpose for which it was offered.

The decree is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.