[Civ. No. 11189. Second Appellate District, Division One.—February 23, 1937.]

In the Matter of the Estate of ADOLPH TSHEPPE, Deceased. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Testamentary Trustee, etc., Appellant, v. ELIZABETH ELDRED, Respondent.

Harold Richardson for Appellant.

M. I. Church for Respondent.

DORAN, J.—This is an appeal from an order construing a certain clause in a testamentary trust contained in the last will and testament of Adolph Tsheppe, deceased, based upon a petition filed by appellant as testamentary trustee.

The clause of the will, in question, is as follows: "In as much as my said housekeeper, Elizabeth Eldred, is familiar

with my houses I recommend that my said trustee employ her to assist in the renting and care of said property and authorize my said trustee to pay her the sum of One Hundred Dollars ($100.00) per month and an apartment in the annex of the property located at 325 North Painter Avenue, Whittier, California, free of rent, for her services, or such other sum as said trustee may think expedient, in grateful recognition of her care and services to me . . . '' The court construed the clause to be directory and not optional, and held that the trustee must follow the terms of the will except as to the amount of salary that shall be paid said Elizabeth Eldred.

It is contended by appellant that the trial court erred in holding that the clause recommending the employment of respondent was binding upon the trustee. The primary rule for the construction of all wills is to ascertain the intention of the testator; and this intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made. (*Estate of Mitchell*, 160 Cal. 618, 620 [117 Pac. 774]; secs. 101 and 105, Probate Code.) The word "recommend" in a Wisconsin case was held to have mandatory force. (*Webster* v. *Morris*, 66 Wis. 366 [28 N. W. 353, 57 Am. Rep. 278].)

At the hearing of the order to show cause in the instant case, oral and documentary evidence was submitted, including the last will and testament of the decedent which theretofore had been admitted to probate, after which hearing the court made the order construing the clause as hereinbefore stated.

The authorities are numerous construing precatory words and in this connection it should be noted that in each case, almost without exception, the ultimate determination of the question involved depended upon the context of the will and the circumstances surrounding the use of the precatory word. This is true with respect to the authorities relied upon by appellant. In the case at bar it cannot be said that the evidence was insufficient to justify the order, nor that the trial court erred in the construction and interpretation of the clause in question.

The order appealed from is affirmed.

Houser, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 15, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 22, 1937.