[Civ. No. 10756.  First Appellate District, Division Two.—March 25, 1938.]

In the Matter of the Estate of CARRIE MAY MOONEY, Deceased. WALTER H. TEMPLETON, Respondent, v. KARL TEMPLETON MOONEY, Appellant.

Eugene H. O'Donnell for Appellant.

Zimdars & Warren for Respondent.

SPENCE, J.—Two appeals are involved herein. Appellant, as executor of the last will and testament of the deceased, petitioned the probate court for settlement of his account and for distribution of the estate. Respondent, who had theretofore filed an action for declaratory relief, filed objections to appellant's petition. By stipulation of the parties, the hearing on the petition and the trial of the declaratory relief action were had at the same time. Appellant appeals from the decree of distribution and from the judgment in the declaratory relief action.

Both controversies arise out of the conflicting contentions of the parties regarding the effect of the following paragraph of the will of the deceased:

"I give, devise and bequeath unto my beloved son Karl Templeton Mooney all of my estate whether real, personal or mixed and wheresoever situated. I hereby request, however, that my beloved son, Karl Templeton Mooney, pay to my beloved brother, Walter H. Templeton, the sum of five thousand dollars ($5,000.00) from the property devised and bequeathed unto my beloved son, Karl Templeton Mooney under the terms of this, my last will and testament."

The court below sustained the contentions of respondent and held that the foregoing provision constituted "a mandatory request and direction" and a "valid and binding obligation" upon appellant. The residue of the estate was therefore distributed to appellant "subject, however, to the claim of said Walter H. Templeton for payment to said Walter H. Templeton by said Karl Templeton Mooney" of said sum

of $5,000 and declaring the obligation to pay said sum "to be a charge and lien against and upon all of the property of said estate until said sum is so paid". The judgment in the declaratory relief action contained similar declarations.

Appellant contends that the court below erred in denying his petition to distribute the residue to him absolutely and in entering judgment in favor of respondent in the declaratory relief action. In our opinion this contention must be sustained upon the authority of *Estate of Browne*, 175 Cal. 361 [165 Pac. 960]. Respondent concedes that it was proper to distribute the entire estate to appellant but insists that the terms of the will were sufficient to create a so-called precatory trust in favor of respondent.

In *Estate of Browne, supra,* there was a somewhat similar provision as follows: "All the rest and residue of my property of every kind, character and nature whatsoever, whether real or personal, I give and bequeath unto my beloved son, Clarence W. Browne, save and except I desire that he pay out of said property to Miss Cora McGarvey, the sum of two hundred dollars ($200.00), and to Miss Edith Johns the sum of two hundred dollars ($200)." The estate was distributed absolutely to Clarence W. Browne. Miss McGarvey and Miss Johns appealed from the decree of distribution upon the theory that the will created a precatory trust in their favor. The decree was affirmed, the court saying, "Clearly, the words above quoted are not sufficient to create precatory trust in favor of appellants".

There are numerous authorities on the subject of the effect of precatory words and these authorities are not entirely in harmony. Many of them are reviewed in the recent work of Bogert on Trusts and Trustees, page 223 et seq.; and at page 231 the author states, "The tide has run so strongly against turning precatory expressions into words of trust that the ordinary words of request, recommendation, wish, and desire are quite generally construed to have no legal effect." While it has been said that "the construction placed upon one instrument, or particular words used in one instrument, is of little value as a precedent for the construction of another" (*Estate of Hamilton,* 181 Cal. 758, 768 [186 Pac. 587]), we believe that the language used in the will in *Estate of Browne, supra,* was fully as strong as the language used in the will before us and that the decision in that case is controlling here.

484

The decree of distribution and the judgment appealed from are, and each of them is, reversed with directions to the trial court to enter a decree of distribution in accordance with the views herein expressed.

Nourse, P. J., and Sturtevant, J., concurred.