[Civ. No. 11832. First Dist., Div. Two. Mar. 3, 1942.]

EFFIE LA VEQUE CALOU, Appellant, v. JOHN J. JONES, as Executor, etc., Respondent.

Harry A. Houser and Owen D. Richardson for Appellant.

John J. Jones in pro. per. for Respondent.

DOOLING, J. pro tem.— Plaintiff appeals from a judgment for defendant in an action based upon an alleged trust. Plaintiff is the daughter of Nellie Patton, deceased, and step-daughter of George E. Patton, deceased. Nellie Patton died on February 10, 1940, leaving a will by which she bequeathed to appellant the sum of $2500. She, however, died without estate other than a piece of real property which was specifically devised for life to a son and daughter-in-law with remainder to a grandson.

After Nellie Patton's death her husband George E. Patton withdrew from an account which stood in his own and his deceased wife's names as joint tenants the sum of $5500. At the time he expressed the intention to pay his wife's funeral and other expenses and to pay her children the amounts left to them by their mother's will. He said: "It is your money, your mother and I had this agreement and I want you to have it." They went to the office of his attorney and Mr. Patton again expressed the intention of paying the children. The attorney said: "You do not have to pay them this money for six months according to law." They then left the office and Patton said: "Now, I don't want you children to worry about this, this is your money. I am holding it for you until I can pay it."

Mr. Patton died about ten days later, without paying the money and after drawing a will by which he left nothing to appellant.

The court made the following findings:

"That during the lifetime of said Nellie Patton, said George E. Patton did agree to carry out the terms of the last will of said Nellie Patton, but that said Nellie Patton left no funds to pay the legacies provided in said last will."

"That it is true that said George E. Patton withdrew . . . Fifty-Five Hundred Dollars ($5,500.00), subsequent to the death of said Nellie Patton, but that it is not true that he agreed with plaintiffs herein that he was holding said sum, or any part thereof, in trust for plaintiffs, to be paid to them at a later date."

"That it is not true that said George E. Patton, deceased, held said money at the time of his death in trust for the said plaintiffs . . . ."

Appellant cites and relies on *Curdy* v. *Berton*, 79 Cal. 420 [21 Pac. 858, 12 Am. St. Rep. 157, 5 L. R. A. 189; *Nuller* v. *Forster*, 131 Cal. App. 509 [21 Pac. (2d) 678]; *Estate of Everts*, 163 Cal. 449 [125 Pac. 1058]; *Garner* v. *Purcell*, 173 Cal. 495 [160 Pac. 682]; *O'Donnell* v. *Murphy*, 17 Cal. App. 625 [120 Pac. 1076]; *Crinkley* v. *Rogers*, 100 Neb. 647 [160 N. W. 974 and the note in 66 A. L. R. 156].

The citations are not in point. They may all be summarized by the following quotation from 66 A. L. R. 157:

"Where a person, knowing that a testator, in giving him a devise or bequest, intends it to be applied for the benefit of another, either expressly promises, or by his action at the time implies, that he will carry the testator's intention into

effect, and the property is left to him in the faith on the part of the testator that such promise will be kept, the promisor will be held as a trustee ex maleficio.''

In this case George E. Patton received nothing from his wife's estate to which a trust could attach. The promise to his wife was not to pay her children from property received by him under her will, and he received nothing under her will. It was quite the converse, to pay bequests made by her will which she left no money or property to satisfy.

Since these are the only authorities cited by appellant we might close our opinion here. However, in view of the established rule that a trust in personal property can be created by the oral declarations of the trustor, we deem it well to consider whether the decedent's statements after his wife's death were such as to compel a finding by the trial court that a trust was thereby created. It was evidently the view of the trial judge that decedent's statements amounted only to promises to pay in the future, and were not intended by him to create a present beneficial interest in appellant. It was for the trial judge to construe the effect of Patton's language as testified to, bearing in mind the ease with which oral declarations may be unwittingly changed in repetition and the rule announced in *Noble* v. *Learned,* 153 Cal. 245, 251 [94 Pac. 1047], that ''in every such case, it is for the trial court to determine, as a question of fact, whether the words and acts of the alleged trustor indicated with reasonable certainty an intention to create a trust.'' (*Cf. LeFrooth* v. *Prentice,* 202 Cal. 215, 227 [259 Pac. 947]; *In re Kellogg,* 41 Cal. App. (2d) 833, 841 [107 Pac. (2d) 964]; *Estate of Alberts,* 38 Cal. App. (2d) 42, 46 et seq. [100 Pac. (2d) 538].)

It is common knowledge that people use every day such expressions as ''the money is yours'' and ''I will hold it for you'' without any intention of creating a trust, but only as an emphatic way of saying ''you will be paid.'' While the evidence undoubtedly would have supported the finding of the creation of an oral trust we cannot hold that the trial court committed error in finding otherwise.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 30, 1942.