[Civ. No. 21891.   Second Dist., Div. Two.   Nov. 2, 1956.]

Estate of DOROTHY DUNCAN, Deceased. JACQUES B.
SNYDER, Appellant, v. MOTION PICTURE RELIEF
FUND, INC. (a Corporation), Respondent.

Willard R. Decker and Robert S. Dickerman for Appellant.

Alpern & Vallier and Robert Vallier for Respondents.

MOORE, P. J.—From a judgment determining heirship, Jacques Snyder appeals.

In her lifetime, decedent executed a holographic will. After making a number of bequests of $100 each and of treasured possessions of adornment, she closed with a residuary clause in the following words:

"If, after everything is paid up—that is, my debts—whatever money is left I would like to help, perhaps a secretary, at the Motion Picture Relief Fund."

After an order for partial distribution had been made, the executor petitioned for a determination of heirship. He alleged that the Motion Picture Relief Fund is incorporated and is licensed as a charitable nonprofit organization and prayed the court to determine and declare the rights of all persons to decedent's estate and to whom distribution should be made. Jacques B. Snyder, legatee of his grandfather's portrait, filed his "statement of claim of interest in estate."

After trial, the court found upon substantial evidence that decedent left but one living relative, to wit, the same Jacques B. Snyder, her first cousin; that at the time testatrix drew her will there existed the Motion Picture Relief Fund, Inc. which provides health and welfare services, assistance and benefits to indigent persons employed or formerly employed in motion picture industry who are in need thereof; that a person is so employed, irrespective of his occupation, if he contributes substantially to the making of film; secretaries who meet this test form a clearly identifiable class of persons eligible for relief from the Fund; that the Fund relies upon voluntary contributions and bequests in order to carry on its work, although this is not a condition for receiving or qualifying for its benefits; that testatrix was a secretary and was so employed for approximately 22 years; that the rights of persons or organizations claiming an interest in the residue of decedent's estate have not heretofore been determined by any judgment; that the only parties claiming an interest therein are the said Fund, Snyder and the executor, as trustee for secretaries as a class who are members of the Fund.

The court thereupon concluded that the testatrix intended to bequeath the entire residuum of her estate to Motion Picture Relief Fund, Inc.; that the words "perhaps a secretary" are

precatory only and are to be disregarded; that their omission leaves the testatrix's intent unimpaired; that the residual bequest to the Fund is valid and it is entitled to distribution of the full balance of the net distributable estate pursuant thereto, free and clear of any obligation as to the use of the proceeds, funds and property thereof except for the charitable purposes of the Fund; that Snyder is not entitled to share in the estate of decedent except as the legatee of the portrait of his grandfather; that the entire estate is fully disposed of by decedent's will and there is no intestacy from which heirs at law might otherwise take.

### CONSTRUCTION OF THE WILL

Appellant's argument is a simple one: The language "perhaps a secretary" is not precatory but is a mandate that the beneficiary be a secretary employed "at the Motion Picture Relief Fund"; therefore, the trust is not sustainable as a private trust since the beneficiary is unidentified, nor as a charitable trust since the beneficiary is in the singular rather than the requisite *"indefinite number of persons."* (*Estate of Huebner,* 127 Cal.App. 244, 246 [15 P.2d 758].) However, this chain of reasoning must fail because of our construction of the will.

▉ The language does not indicate a desire to aid a secretary employed at the Fund, but rather an inclination to provide further funds for use in carrying out the charitable purposes of the organization in extending relief to employees of the motion picture industry who are now in need. The testatrix expressly desired that her money "help . . . at the Motion Picture Relief Fund." To construe a secretary rather than the Fund as the primary beneficiary would pervert the plain meaning of the testament. The main portion of the sentence is the gift to the Fund. "[P]erhaps a secretary" was only a parenthetical expression enclosed in commas and not necessary to the sense of the sentence. When the circumstances surrounding the bequest are considered, it seems clear that the testatrix intended the Fund to have the benefit of her moneys but hoped that the needy persons who would receive the benefit of her sums would be secretaries, undoubtedly because she, herself, had been a secretary.

The question is whether the testatrix intended her request relative to a "secretary" to be more than mere hope or desire. ▉ It has been held that precatory words in a will suffice to create a binding trust only when it clearly appears that the testator intends to impose an imperative obligation and to

exclude the exercise of discretion by the person to whom they are addressed. (*Estate of Hood,* 57 Cal.App.2d 782, 785 [135 P.2d 383].) ■ Similarly, precatory words restrict the discretion of one who is admittedly a trustee only when they are of such a nature. We are not convinced that the trial court erred in determining that the primary intent of the testatrix was to further the work of the Fund without imposing binding restrictions upon its use of the bequeathed sums.

■ Gifts to charity are highly favored. Bequests for such purpose will be liberally construed in order to effectuate the intent of the testator. (*Estate of Davison,* 96 Cal.App.2d 263, 270 [215 P.2d 504]; *Estate of Yule,* 57 Cal.App.2d 652, 654 [135 P.2d 386].) ■ Whenever a disputed word or phrase may be given either of two meanings, that should be given which will prevent intestacy, total or partial. (Prob. Code, § 102; *Estate of Farelly,* 214 Cal. 199, 206 [4 P.2d 948]; *Estate of Gracey,* 200 Cal. 482, 492 [253 P. 921].) Since the wording "perhaps a secretary" may be construed as merely precatory, and thereby validate the trust without entanglement in the rule of the Huebner case, *supra,* the foregoing rules of construction suggest that interpretation.

Judgment affirmed.

Fox, J., and Ashburn, J., concurred.